In The United States District Court

For The District of Delaware

ORIGINAL

Anson I. Gibbs, Sr.,

     Petitioner,

    V.

Thomas Carroll, Warden
And M. Jane Brady, Attorney
General, of The State of
Delaware,

    Respondents

Case No. _____ 296

In Support of Habeas Corpus
Petition Under 28 U.S.C. Sec. 2254

FILED

MAY - 5 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Exhibits

Exhibits of lower Court proceedings
In Support of Habeas Corpus Petition

Dated: May 5, 2006

Anson I. Gibbs, Sr.
SBI # 066982
H 81 Paddock Road
Smyrna, Delaware 19977

# Contents

1). Habeas Corpus petition filed in the Superior Court, exhibit-A.

2). Notice of Appeal filed in the Supreme Court, exhibit-B

3) Docket Sheet from Clerk of the Supreme Court, exhibit-C.

4). Letter from the Clerk of the Supreme Court, informing petitioner and Attorney General Office of briefing dates, exhibit-D.

5). Letter from Clerk of the Supreme Court informing prothonotary office, Superior Court, Kent County, to file transmittal copy of record with that Court, exhibit-E.

6). Suppositious Order from the judge of the Superior Court, issued after petitioner's appeal was accepted in the Supreme Court, exhibit-F.

7). Petitioner's Letter Motion to the Superior Court judge requesting reconsideration of Habeas Corpus petition, exhibit-G.

8) Letter Motion to the Supreme Court requesting that the Court issue an Order to Stop the judge of the Superior Court from going forward with petitioner's trial until after the Supreme Court has decided petitioner's Habeas Corpus petition, exhibit-H.

9) Letter from Clerk of the Supreme Court in response to petitioner's Letter Motion, exhibit-I.

10) Petitioner's Memorandum Brief filed in the Supreme Court, exhibit-J.

11) Letter from Clerk of the Supreme Court, informing petitioner that she had changed jurisdiction of the Case from Kent County, Attorney General Office to New Castle County, Attorney General Office, forwarding to them a Copy of petitioner's Opening Brief with an extended briefing date, exhibit-k. (See also exhibit-D).

12) Letter filed with the Clerk of the Supreme Court by petitioner refuting the Clerk's actions for failing to initially notify the petitioner of it intentions, exhibit-L.

13) Motion To Affirm filed with the Clerk of the Supreme Court by Respondents, (after Changing jurisdiction) in response to petitioner's Opening Brief), exhibit M.

14). Order of the Supreme Court of Delaware Affirming the Suppositious Order of the Superior Court, under the guise of 10 Del. C. subsec. 6402(1). eliminating the Color of Pretense, Whereas, the petitioner remains incarcerated, because of same, exhibit N

15). Letter from the Clerk of the Supreme Court in re-sponse to petitioner's August 30, 2005, Letter, Which Con-tents of Clerks letter have (No) relevance to the Letter filed by the petitioner, exhibit O.

16.) Mandate from Clerk of the Supreme Court, exhibit P.

17.) Original Indictments of July 6, 2004, exhibits. Q and Q1.

18.) Reindictment of March 7, 2005, exhibit R

19) Superior Court Docket Entries, exhibits S and T.

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF THE PETITION OF )   C.A. NO.
                                  )   HABEAS CORPUS
                                  _Super. Ct. Ca. A Cf. No. IK 04050921 And_

THE STATE OF DELAWARE,                _IK 04050927_

You are commanded:

        To have _____ who is allegedly detained in your custody, before the Superior Court of the State of Delaware, at the County Court House at _____ Delaware immediately after the receipt of this writ; and to abide any order which the Court shall make concerning Petitioner.
        And further, to certify fully in writing under oath the true cause of said detention, and to have there a copy of all process or Orders, if any, under which he is detained and also this writ.

                                  _____
                                          Prothonotary

Dated: _____

To the above named Respondent:

        In case of your failure to produce _____ as above commanded, and fully certify in writing under oath the true cause of his detention, with a copy of all process or orders, if any, under which he is detained, within 3 days after service hereof upon you if the place where he is detained is not more than 20 miles from the County Court House, or within 6 days if such place is more than 20 miles, you may be adjudged to be in contempt of court.

                                  _____
                                          Prothonotary

_(Exhibit-A)_

State of Delaware

        ss.

_____ County

_____, Sheriff of _____ County, deposes and says that he served personally upon _____ the original Writ of Habeas Corpus of which the within is a true copy, by leaving the original Writ with _____ on _____, 20  .

SWORN TO AND SUBSCRIBED before me, _____, 20  .


_____
                    Prothonotary

## Opening Statement

This Habeas Corpus proceeding is brought on ground that there has been a Violation of Due Process of law in the proceedings in State Court in defendant's case, starting initially, from the outset of defendant's arrest.

The defendant feel as though the Court should apply the same "bar" standards as set forth in Wilmer v State. (Cite as 827 A.2d 30), and State V. Kendell, Del Super, 2002, to the Attorney General's office "when a reindictment is based upon the same set of essential elements on statutory language, and when the first indictment has been adjudicated or dismissed by the Court, the interest of justice exception must come into play and the Attorney General must show that the court lacked authority to dismiss the former indictment."

"That the Attorney General therefore should not now be heard to complain through his present reindictment... Particularly since the supporting documentation on record is the same that the Attorney General relied on in his earlier attempt to indict the defendant..." Any ground for relief that was formerly adjudicated... is thereafter barred."

The reindictment Violates the 5th and 14th Amendments to the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14).

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR ___Kent___ COUNTY

IN THE MATTER OF

_Arson I. Gibbs, Sr._                    C.A. No.
for a Writ of Habeas Corpus        Supr. Ct. Cr. Act. Nos. IK04050921 And?
                                                  IK04050927

### MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ
of Habeas Corpus. Petitioner states the following in support:

1. The Criminal Action Number in this case is _IK04050921, IK04050927._

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the
laws of the State of Delaware, by reason of _10 Del. C. Sec. 6900,_
_10 Del. C. Sec. 4501 thru 4543 and 11 Del. C. Sec. 207,_
_Due Process, Equal Protection and the Double Jeopardy_
_Clauses of the Delaware and United States Constitution. That_
_the Grand Jury was Without/ lacked jurisdiction to re-_
_indict the defendant on Charges that had already been_
_dismissed. (See reverse side )_
WHEREFORE, petitioner prays the petition issue and the writ granted.

_Arson I. Gibbs, Sr._
_Arson I. Gibbs, Sr. SBI# 001982_
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: _6 - 19 - 05_

(1)

That one year had passed before first indictment was dismissed. Approximately three weeks later a reindictment was issued using the same essential elements of the first indictment under 11 Del. C. Sec. 861. Generally, indictment drawn in language of Statute is sufficient, but if Statute fails to delineate with specificity all the essential elements of the crime, drafter of indictment may not safely rely on Statutory language alone. The reindictment failed to give any new information or evidence that would warrant the reindictment.

This procedure was clearly prejudicial, vindictive and an abuse of the criminal process, and in violation of due process, equal protection and the double jeopardy clauses of the 5th and 14th Amendments to the United States Constitution.

That the grand jury lacked jurisdiction to reindict the defendant on the same offense(s) using the same elements of the proported crime. The reindictment had already been asserted in the former indictment.

Therefore, the petition for habeas corpus relief should be granted, because the defendant has stated a colorable claim that a miscarriage of justice and constitutional violations has occurred.

Defendant,

Anson I. Gibbs, Sr.

Anson I. Gibbs, Sr. SBI# 0141982
1181 Paddock Road
Smyrna, Delaware 19977.

6-19-05

In The Supreme Court of The State of Delaware

Anson I. Gibbs, Sr.

    Defendant Below,

    Appellant,

      V.

State of Delaware,

    Plaintiff Below,

    Appellee.

No _____

Super. Ct. Cr. Act # IK04050921 +
IK04050927

## Notice

To: Attorney General Office
162 W. Water Street
Dover, Delaware 19904.

    Please Take Notice that, the within Appeal has been forwarded to the Supreme Court of the State of Delaware for review, on this 2nd day of July 2005.

    (Exhibit-B)

                Appellant Pro Se
                Anson I. Gibbs, Sr.
                1181 Paddock Road
                Smyrna, Delaware 19977.

In The Supreme Court of The State of Delaware

Anson I. Gibbs, Sr.,

      Defendant below

      Appellant,

No. _____

Super Ct. Cr. Act. # Ik 04050921 &
Ik 04050927

      V.

State of Delaware,

      Plaintiff Below,

      Appellee.

## Notice of Appeal

Please Take Notice that, Anson I. Gibbs, Sr., Defendant below appellant, does hereby invoke the jurisdiction of the Supreme Court of the State of Delaware, for an appeal to this Court, because the Superior Court of the State of Delaware, Kent County, declined or refused to accept jurisdiction over appellant's Habeas Corpus petition filed with the Superior Court, in reference to the above Criminal action numbers on June 24, 2005. A Copy of the Habeas Corpus petition sought to be reviewed is attached hereto The Superior Court, Kent County, has denied the appellant Due Process under the United States Constitution (U.S.C.A. Const. Amend. 14); and 10 Del. C. Sec. 6916... intent to elude Service of Writ...

The name and address of the attorney below for appellee is, Attorney General Office, 102 W. Water Street, Dover, Delaware 19904, the party against whom the appeal is taken.

The name and address of the attorney below for the party against whom the appeal is not taken is, Anson I. Gibbs, Sr. Pro Se; 1181 Paddock Road, Smyrna, Delaware 19977.

Please Take Further Notice that, in accordance with Rules 7(c)(6) and 9(e)(ii), there are no transcripts to be designated, because the Superior Court declined or refused to accept jurisdiction, and adjudicate appellant's Habeas Corpus petition.

That this Court should grant appellant's appeal, because, (1) There is a jurisdictional defect; (2) That the charges are facially invalid; and (3) Appellant is entitled to immediate release.

Dated: 7-2-05

Appellant, Pro Se,

Anson I. Gibbs, Sr.

Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977

IN THE *Superior* COURT OF THE STATE OF DELAWARE
IN AND FOR _*Kent*_ COUNTY

IN THE MATTER OF THE PETITION OF    )    C.A. NO.
                                    )    HABEAS CORPUS
                                    *Super Ct. Cr. A.ct. No: IK04050921 And*
                                         *IK04050937*

THE STATE OF DELAWARE.

You are commanded:

　　　　To have ＿＿＿＿＿＿＿＿ who is allegedly detained in your custody, before the Superior Court of the State of Delaware, at the County Court House at ＿＿＿＿＿＿＿＿ Delaware immediately after the receipt of this writ; and to abide any order which the Court shall make concerning Petitioner.
　　　　And further, to certify fully in writing under oath the true cause of said detention, and to have there a copy of all process or Orders, if any, under which he is detained and also this writ.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Prothonotary

Dated: ＿＿＿＿＿＿＿＿＿＿

To the above named Respondent:

　　　　In case of your failure to produce ＿＿＿＿＿＿＿＿＿＿ as above commanded, and fully certify in writing under oath the true cause of his detention, with a copy of all process or orders, if any, under which he is detained, within 3 days after service hereof upon you if the place where he is detained is not more than 20 miles from the County Court House, or within 6 days if such place is more than 20 miles, you may be adjudged to be in contempt of court.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Prothonotary

State of Delaware

              ss.

_____ County

_____, Sheriff of _____ County, deposes
and says that he served personally upon _____ the
original Writ of Habeas Corpus of which the within is a true copy, by leaving the original
Writ with _____
on _____, 20\_\_.

SWORN TO AND SUBSCRIBED before me, _____, 20\_\_.

                                       _____

                                            Prothonotary

## Opening Statement

This Habeas Corpus proceeding is brought on ground that there has been a violation of Due Process of law in the proceedings in State Court in defendants Case, starting initially, from the outset of defendants arrest.

The defendant feel as though the Court Should apply the Same "bar" Standards as set forth in Wilmer V. State, (Cite as 827 A.2d 30), and State V. Kendell, Del. Super, 2002, to the Attorney Generals office "when a reindictment is based upon the Same set of essential elements or Statutory language, and when the first indictment has been adjudicated or dismissed by the Court, the interest of justice exception must come into play and the Attorney General must Show that the Court lacked authority to dismiss the former indictment."

"That the Attorney General therefore should not now be heard to Complain through his present reindictment... Particularly since the Supporting documentation or record is the Same that the Attorney General relied on in his earlier attempt to indict the defendant..." Any ground for relief that was formerly adjudicated is thereafter barred."

The reindictment violates the 5th and 14th Amendments to the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14).

6

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

IN THE MATTER OF

_Arson I. Gibbs, Sr._          C.A. No.
for a Writ of Habeas Corpus    _Super. Ct. Cr. Act. Nos. IK04050921 And_
                               _IK04050927_

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for Writ of Habeas Corpus. Petitioner states the following in support:

1. The Criminal Action Number in this case is _IK04050921, IK04050927_.

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of _10 Del. C. Sec. 6900, 10 Del. C. Sec 4501 thru 4543 and 11 Del C. Sec. 207 Due Process, Equal Protection and the Double Jeopardy Clauses of the Delaware and United States Constitution. That the Grand Juny Was Without/ lacked jurisdiction to re-ind. ct the defendant on Changes that had already been dismissed. (See reverse side)_
WHEREFORE, petitioner prays the petition issue and the writ granted.

_Arson I. Gibbs, Sr. ST# 066982_
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE. 19977

Dated: _6-19-05_

(1)

That one year had passed before First indictment was dismissed. Approximately three weeks later a reindictment was issued using the same essential elements of the first indictment under 11 Del. C. Sec. 861. Generally, indictment drawn in language of Statute is sufficient, but if Statute fails to delineate with specificity all the essential elements of the crime, drafter of indictment may not safely rely on Statutory language alone." The reindictment failed to give any new information or evidence that would warrant the reindictment.

This procedure was clearly prejudicial, vindictive and an abuse of the Criminal process, and in violation of due process, equal protection and the double jeopardy clauses of the 5th and 14th Amendments to the United States Constitution.

That the grand jury lacked jurisdiction to reindict the defendant on the same offense(s) using the same elements of the proported Crime. The reindictment had already been asserted in the former indictment.

Therefore, the petition for habeas Corpus relief should be granted, because the defendant has stated a Colorable Claim that a Miscarriage of justice and Constitutional Violations has occurred.

Defendant,

Anson I. Gibbs, Sr.

Anson I. Gibbs, Sr. SBI # 11982
1181 Paddock Road
Smyrna, Delaware 19977.

6-19-05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR _Kent_ COUNTY

STATE OF DELAWARE                    (
                                     ( 0404017796, 0404009981 ACTION NO.
            v.                       (         IK04050921
_Anson I. Libbs, Sr._                (       I.D. NO.
DEFENDANT                            (         IK04050927


NOTICE OF MOTION

PLEASE TAKE NOTICE, that the enclosed Motion for _Disqualification_
_of Counsel_ ___ will be presented to this Honorable Court at the earliest possible
convenience.


_6-27-05_
Date

                                    _Anson I. Libbs Sr._
                                    S.B.I. _066982_
                                    Delaware Correctional Center
                                    1181 Paddock Road
                                    Smyrna, DE. 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR _Kent_ COUNTY

STATE OF DELAWARE

v.

_Anson I. Gibbs, Sr._

Defendant.

Cr. A. No. _IK04050921 and_
_IK04050927_

MOTION FOR:

_Disqualification of Court Appointed Counsel_

NOW COMES, _Anson I. Gibbs, Sr. pro Se._ and makes this
Honorable Court pursuant to and under the provisions of
Super. Ct. Cr. R 44(a) and (l) and other similar Statutes,
with this Motion For Disqualification of Court Appointed Counsel.
The following is offered in Support of this Motion.
1). That Defendant's Court Appointed Counsel Sandra Dean,
Esq. has become incommunicado and has failed to respond
to Defendant's request to file Certain Motion, or notify the
Defendant that such Motions Challenging the re-indictment
will or will not be filed on Defendant's behalf.
2). That Court Appointed Counsel, Sandra Dean, Esq. should be
ordered ineligible and disqualified from defendant's
case by reason of her holding a fixed preconceived Opinion
that the defendant is guilty of the offence(s) Charged,
by stating repeatedly that Defendant will be found guilty at
a trial." It is held that a denial of Competent assistance
of Counsel to a Criminal Defendant is a denial of due
process both under the Federal and Delaware Constitutions.
Merritt v. State, 59 Del. 298, 219 A. 2d 258 (Sup. Ct. 1966).

In The Superior Court of The State of Delaware
In And For Kent County

State of Delaware,
                    Plaintiff,

        V.

Anson I. Gibbs, Sr.,
                    Defendant.

IK04050921 & IK04050927

Affidavit

Affidavit of Anson I. Gibbs, Sr.

Anson I. Gibbs, Sr., having been duly Sworn Deposes and Says the following:

1). That I am the writer of this affidavit

2). That I make this affidavit of my own Free Will, concerning Court Appointed Counsel, Sandra Dean, Esq.

3). That when Court Appointed Counsel allowd the Superior Court to hand down a Sua Sponte decision by dismissing the first indictment while defendant was in absentia, and for Failure to inform the defendant that the first indictment had been dismissed, and that there was a possibility that the defendant would be reindicted, Constitutes ineffective assistance of Counsel under the Strickland V. Washington Standards. This so, because it is held that a defendant has a right to be present at all Crucial Stages of the Criminal proceedings.

4) That Court appointed Counsel has been ineffective in every conceivable way for failure to communicate with the defendant.

That I State under the penalty of perjury that the forgoing is true and Correct to the best of my knowledge.

6-17-05

Defendant

Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.

Sworn and Subscribed before me a notary public on this _____ day of _____ 2005

Notary Seal Affixed

13

## CERTIFICATE OF SERVICE

I, _Anson I. Gibbs, Sr._, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion For Disqualification of Court Appointed Counsel_ upon the following parties/person(s):

TO: _Attorney General Office_
_Department of Justice_
_102 W. Water Street_
_Dover, Delaware 19904_

TO: _Prothonotary Office_
_Superior Court, Kent County_
_38 The Green_
_Dover, Delaware 19901._

TO: _Miss. Sandra W. Dean, Esq_
_Sykes Building_
_45 The Green_
_Dover, Delaware 19901_

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977,

On this _24th_ day of _June_, 200 _5_.

_Anson I. Gibbs Jr._
Anson I. Gibbs, Sr.
SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977.

## Certificate of Service

I, _Anson F. Gibbs, Sr._, hereby certify that I have served a true

and correct cop(ies) of the attached: _Notice of Appeal To The_

_Supreme Court of Delaware_ upon the following

parties/person (s):

TO: _Attorney General Office_        TO: _____

_Dept of Justice_                    _____

_102 W. Water Street_                _____

_Dover, Delaware · 19904_            _____

_____

TO: _____                  TO: _____

_____                      _____

_____                      _____

_____                      _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _2nd_ day of _July_, 2005

_Anson L. Gibbs Sr._
_Anson F. Gibbs, Sr._
_1181 Jackson Road_
_Smyrna, Delaware 19977_

IN THE SUPREME COURT OF THE STATE OF DELAWARE

299 , 2005

PRO SE                              ARSON I. GIBBS,
(DCC - #0066982)                      Defendant Below,
                                      Appellant,
                                    v.

J. R. WILLIAMS                      STATE OF DELAWARE,
                                      Plaintiff Below,
                                      Appellee.

 DF $ 00.00

 2005

1    Jul  06        Notice of appeal from the order dated 6/24/05, in the
                    Superior Court, in and for Kent County, by Judge
                    Witham, in Cr.ID No. 0404009981, without designation of
                    transcript. (served by mail 7/2/05) (eas)

2    Jul  06        Brief schedule issued. (opening brief due 8/22/05)
                    (eas)

3    Jul  06        Letter dated 7/6/05 from Senior Court Clerk to
                    Prothonotary, record is due to be filed by 7/29/05.
                    (eas)

(Exhibit - C)

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

July 6, 2005

#2
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Mr. Arson Gibbs
SBI #0066982
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

John R. Williams, Esquire
Department of Justice
102 W. Water Street
Dover, DE  19904

     RE:  *Arson Gibbs v. State,* No 299, 2005

Dear Mr. Gibbs and Counselor:

    A notice of appeal was filed in the above-captioned matter on July 6, 2005. Pursuant to Supreme Court Rule 15(a)(i), the appellant's opening brief and appendix are due on or before **August 22, 2005**.  The appellee's answering brief is due 30 days after service of the appellant's opening brief and appendix.  The appellant's reply brief, if any, is due 15 days after service of appellee's answering brief.⋆

                    Very truly yours,

/eas

(Exhibit - D)

---

    ⋆ In the event a cross-appeal is filed, appellant's reply brief and answering brief on cross-appeal will be due 30 days after service of appellee's answering brief and opening brief on cross-appeal; appellee's reply on cross-appeal, if any, will be due 10 days from service of such reply brief. Supr. Ct. R. 15(a)(iv), (v).

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

July 6, 2005

#3
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Lisa Lowman, Prothonotary
Superior Court
Kent County Courthouse
38 The Green
Dover, DE  19901

RE:     ***Arson I. Gibbs v.  State of Delaware,*** No. 299, 2005
        (Cr. ID No. 0404009981)

Dear Ms. Lowman:

A notice of appeal in the above captioned matter was filed in this Court on July 6, 2005.

Pursuant to Supreme Court Rule 9(b)(ii), the record must be filed with this Office no later than **July 29, 2005**.  If the record is not filed by the above date, you must seek an extension from the Court and state the reasons for the delay in the transmittal of the record.  Any such request for an extension must be specific as to the day the record will be filed.

If you have any questions, please contact me at your convenience.

Very truly yours,

/eas

cc:    Mr. Arson Gibbs
       John R. Williams, Esquire     *(Exhibit-E)*

*Received July 10, 2005*

# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

June 30, 2005

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Mr. Arson I. Gibbs, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

**Re:**   **Arson I. Gibbs, Sr. v. State of Delaware**
   **ID Nos. 0404009981 and 0404017226**
   **C.A. No. 05M-06-017**

Dear Mr. Gibbs:

The Court has reviewed your petition for writ of habeas corpus which was filed with the Prothonotary on June 29, 2005.

The extraordinary remedy of habeas corpus is not available where the commitment is regular on its face. *Jones v. Anderson,* Del. Supr., 183 A.2d 177, 178 (1962), *citing, Curran v. Woodley,* Del. Supr., 104 A.2d 771 (1954).

You were re-indicted on March 7, 2005 apparently to bring both sets of charges under one indictment. Currently you are being lawfully held at Level 5 in default of bond while awaiting your appearance in Superior Court for Final Case Review on July 19, 2005. Therefore, your petition for writ of habeas corpus is ***dismissed.***

**IT IS SO ORDERED.**

WLW/dmh
oc:   Prothonotary
xc:   Mr. Arson I. Gibbs, Sr. - DCC
   Attorney General's Office
   Sheryl Rush-Milstead, Esquire
   Inmate Records Supervisor - DCC
   File

*(Exhibit F)*

To Honorable William L. Witham Jr.
Judge Chambers, Superior Court, K.C.
38 The Green
Dover, Delaware 19901

From: Arson I. Gibbs Sr. SBI # 061982
181 Paddock Road
Smyrna, Delaware 19977

Dated: July 10, 2005

Re. ID# 0401400 9981 and 0404017926 C.A. 05-01-06-C17

Dean Judge Witham:

On this 10th day of July I recied a copy of your Order dismissing my habeas Corpus petition. Your Order is dated June 30, 2005. My habeas Corpus petition is dated June 19, 2005 and was filed with the Court on June 24, 2005.

According to habeas Corpus Statute 10 Del. C. Sec. 6907 "this Court was required to produce prisoner within three days of issuance and service of habeas petition on agent holding prisoner in Custody..." However, the Court Choose to adopt 10 Del C Sec 6916... to elude Service of writ...

(Exhibit 6)

Moreover This Court went on to adopt the Fixed principle and standard of procedure as set forth in Curran V. Woolley Del Supr. 104 A.2d 771 (1954) and Jones V. Anderson, Del. Supr. 183 A.2d 177, 178 (1962). This Standard of procedure is unconstitutional and denies the defendant equal protection and due process of law as guaranteed by the Delaware and United States Constitution; and only gives aid, "to elude Service of habeas petition".

This so, because in the matter of the petition of Justice of the peace, Mabel pitt, Howard Young, Warden, Multi-purpose Criminal Justice Facility; and the State of Delaware. Cite as: Del. Supr. 541 A.2d 554 (1988). The Supreme Court explicitly stated, "that Statutory procedure must be followed ... and the Superior Court must examine the intrinsic fairness of the Criminal process under which the Defendant has been incarcerated, even though it may appear regular and proper on its face Curran V. Woolley, Del. Supr. 104 A.2d 771 (1954)

Therefore, the Court Should reconsider its Ruling of June 30, 2005, and grant the defendant habeas relief.

Defendant,

Anson J. Gibbs Sr.

In The Supreme Court of The State of Delaware

To: Clerk of The Supreme Court

From: Anson I. Gibbs, Sr.

Dated: July 13, 2005

Re: No. 299, 2005 - Expedited Motion Under Supr. Ct R. 25 (1)
    Cr. Act. No. 0404019981 and 0404017226

Dear Clerk:

    Please accept this letter as an application before the Court.

    I am forwarding this letter requesting that this Court issue an ordering Stopping the presiding judge of the Superior Court from going forward with trial in Cr. Act. Nos. 0404009981 and 0404017226 on Tuesday July 19, 2005.

    The reason being, that on this date July 13, 2005, the appellant was carried before the Superior Court, Kent County, Dover, Delaware, for what is called, a final Case Review.

    Upon appearing before the presiding judge, Appellant requested that the Case be deferred until after the Supreme Court has decided appellant's appeal on the issue that the Superior Court declined or refused to accept jurisdiction over appellant's habeas Corpus petition.

(Exhibit H)

The presiding judge simply said no, I have already denied your habeas petition, and the Supreme Court is going to deny your appeal as having no merit anyway, this case is scheduled for trial on Tuesday July 17, be ready for trial on Tuesday with your attorney."

The presiding judge went on to persist in such sarcastic and wrongful conduct by denying other request made by the appellant. With a simple "No."

The presiding judge is in violation of Delaware Judges Code of Judicial Conduct. Canon 2 and 3:

"A judge should avoid impropriety and the appearance of impropriety in all activities. A judge should be patient, dignified, respectful and courteous to litigants... Should respect and comply with the law and should act at all times in a manner that promotes public confidence..."

The appellant pray that this Court will grant him the relief requested. Thank you.

cc: Judge Chambers
Superior Court, K.C.

Appellant,
Clason J. Gibbs, Sr.

19

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

#6
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

July 21, 2005

Mr. Arson Gibbs
SBI #0066982
Delaware Correction

RE:   ***Gibbs v. State***, No. 299, 2005
(C.A. No. 05M-06-017)

Dear Mr. Gibbs:

The Supreme Court is in receipt of your letter dated July 13, 2005, requesting that this Court order the Superior Court from going forward with your criminal trial in Criminal ID Numbers 0404009981 and 0404017226. The Court has directed me to advise you that it has no jurisdiction, and therefore can take no action, with respect to your letter. The appeal referenced above is from the denial of your writ filed in the Superior Court and is not related to your upcoming criminal trial.

You may consider filing an appropriate motion in the Superior Court related to your criminal trial at the Prothonotary, Superior Court, 38 The Green, Dover, Delaware 19901.

Very truly yours,

/eas

cc:  John R. Williams, Esquire

$(Exhibit-I)$

In The Supreme Court of The State of Delaware

Anson I. Gibbs, Sr.,

       Defendant-Below
       Appellant,

       No. 299, 2005

V.

State of Delaware,

       Plaintiff-Below
       Appellees.

Appellant's Opening Brief

This is appellant's opening brief pursuant to Supr.Ct. R. 15 (a)(1); United States Constitution Amendments 5, 6, 8, and 14; Delaware Constitution of 1897, Article 1, Section 7, 8, and 11; Article 4, Section 11, 5, 6, and 7 as amended; 10 Del.C. section 147, and Chapter 6900; Superior Court of Kent County Criminal Case Management Plan Subsection 3; International Covenant ON Civil And Political Rights (ICCPR) Article 2; 3; 7; 8, 1 and 2; 9, 1 than 5; 10, 1, 2(a) and (b); 14, in its entirety especially 7; 15, 1 and 2; 16; 17, 1 and 2; 19, 1 and 2. 26; and 48,1; Including all similar Constitution Amendments and relating Statutes to same. (Exhibit-J)

1). Under Article IV, Section 11(6) of the Delaware Constitution and Supreme Court Rule 43... the Supreme Court has no original jurisdiction to issue a writ of Habeas Corpus. In re Jones, 755 A.2d 389 (Del 2000)

2) Constitutional jurisdiction cannot be limited by Statute. The jurisdiction of the Supreme Court... cannot be impaired or restricted by language contained in any legislative act. State ex rel Walker V Harrington, 42 Del 27 A. 2d 67 (1942)

3) However: The Supreme Court has jurisdiction by reason of Article IV, Section 11(1) of the Delaware Constitution, to hear and determine all matters of appeal in the interlocutory as well as final judgments and other proceedings of the Superior Court. In re. Dean, Del Supr. 251 A.2d 347.

4). That on June 24, 2005, the appellant filed a Writ of Habeas Corpus with the Superior Court, Dover, Delaware, County of Kent, challenging the jurisdiction of a belated and unknown reindictment, after nearly one year of being under the first indictment, which was not dismissed until on or after March 16, 2005. (A copy of habeas petition and first indictments attached as Ex. A + B).

5). That due to the Superior Court's refusal to accept jurisdiction over appellant's Writ of Habeas Corpus by the date of July 1, 2005, the appellant Filed a Notice of Appeal, invoking the pendent jurisdiction of this Court, on July 3, 2005. (See Notice of Appeal attached as Ex-C)

6). That on July 6, 2005, the Court accepted jurisdiction and granted appellant's Notice of Appeal. (See attached Ex-D).

(a) When the Court accepted jurisdiction, it inherited Original Jurisdiction, since the Superior Court refused to accept jurisdiction, over the Subject matter, and:

(b) When the Court inherited Original jurisdiction, it had the inherent power and authority, and should have granted appellant's Writ of Habeas Corpus on the merits, because appellant's well pleaded averments were admitted, where there was no return answer denying appellant's precisely presented averments. Appellant had no other forum in the State, for the exception of this Court, for appellant to raise his Claims of error. The appellees should have rebutted appellant's averments

by Clean and Convincing evidence. See
Russo V. Snyder, 2000 WL 52158 (D. Del.); See
also Talbert, 2000 WL 724649 (Del Supr.);
Middlebrook V. State, 2000 WL 1508817 (Del Supr);
Whitfield V. State, 2004 WL 906591 (Del Supr.),
Kostyshyn V. State, 2004 WL 1874695 (Del Supr.)
Walker V. State, 2000 WL 1535299 (Del Supr.)


7). That this Court abused its discretion and denied
the appellant due process when it failed to grant the appellants
Writ of Habeas Corpus on the merits, and compelled appellant
to file an Opening brief, when in fact, the appellant's Writ
of Habeas Corphs was already briefed for the Court to make a
determination on the Merits. In contrast to his Habeas
petition now pending before this Court, appellant invokes the
rule of Stare decisis. As the Court has already stated in
Biddle V. Board of Trustees of New Castle County Work House,
Cite as: 138 A. 631 (June 13, 1937), at [6].

"We realize the importance and value
of the law of "Stare decisis," and that
it should be observed unless there's good
reason to disregard it... if the Court is
satisfied, after full argument and consideration
in a subsequent case, that a decision given
in an earlier case was erroneous, it is
the duty of the Court, in the interest of

justice and the proper administration of
the law, to disregard the earlier ruling".

8: That due to the Court's dilatoriness and delay
in granting the appellant relief, and the Court's notification
to the appellees of the appellant's Notice of Appeal to this
Court, the appellees issued a belated and supposititious
ruling on appellant's Writ of Habeas Corpus, lacking a deter-
mination on the averments presented, recied by appellant
on July 10, 2005. (Copy of ruling attached as Ex-E).

(a) That the ruling by the Superior Court came
(16) days after appellant filed his Writ
of Habeas Corpus in the Superior Court,
and (4) days after this Court granted the
appellant's Notice of Appeal, and inherited
Original jurisdiction over the subject matter.
Therefore, the Superior Court was without
jurisdiction to rule on appellants Writ of
Habeas Corpus.

(b) Moreover: The Superior Courts ruling
was not in Compliance with, Del.Supr.
541 A.2d 554 (1988), and deliberately
by-passed the averment of, lack of juris-
diction to reindict.

(5)

9) That the articulation of the formal indictments again was unnecessary, because the indictments had already been consolidated and joined together in numerous plea offers, beginning in July 2004, up until March 16, 2005, at appellant's last case review, and plea offer.

(a) On March 16, 2005, when the appellant was carried to the Court House for his last case review, and plea offer, after refusing the plea offer the appellant was taken before the Court. When the appellant reached the podium, the presiding judge asked; "what is he here for?". While appellant's substituted Counsel, Sandra W. Dean, Esq, who was acting proxy in the stead of appellant's previous Court appointed Counsel, Sheryl Rush Milstead, Esq. was apparently collecting her thoughts in order to give the presiding judge an answer, the appellant spoke up and said; "I thought I was here for my Motions on abuse of discretion by the Court for appointing Counsel without appellant being present, and disqualification of Court appointed Counsel, Sheryl Rush-Milstead, The presiding judge than asked, "what Motions?" "I haven't seen any Motions". Than one of the Court personnel, went and retrieved the Motions and they were passed on to the presiding judge.

(6)

(b) That the appellant has brought this to the Court's attention, so as to prevent the appellees from blaming the appellant for any of the delays in bringing the appellant to trial, in retrospect to the first indictments, because appellant's motions were never presented before the Court until March 16, 2005.

10.) That the Fifth Amendment due process guarantee as regards reindictment delay is primarily intended to prevent prejudice to defense caused by passage of time and may be invoked only if defendant's reindictment delay caused substantial prejudice to his right to a fair trial and that delay was intentional device by the attorney general office to gain tactical advantage over the defendant. (U.S.C.A. Const. Amend. 5).

(a) That appellant's due process and Six Amendment right to speedy trial was violated, when speedy trial clause was activated where criminal prosecution has been formally initiated either by arrest, indictment or other official accusations, under Superior Court of Kent County Criminal Case Management Plan, Subsec. 3; Track III - Trial Track, Scheduling Goals and Criteria. (Effective June 19, 2002).

(7)

(b) That the appellant have been overwhelmingly prejudiced by the reindictment delay, and the reindictment Clearly Manifest injustice based upon:

1. Unjust imprisionment;

2. Vindictive prosecution;

3. Prosecutional Misconduct;

4. Judicial Misconduct, and,

5. Abuse of discretion by trial judge;

11). Which are derived from the Due Process Clauses of the Fifth and Fourteenth Amendments to the Delaware and United States Constitution. (U.S.C.A. Const. Amends. 5 and 14)

12) That the appellant was further prejudiced by the Superior Court when it tried and Convicted the appellant on July 21, 2005, on the reindictment.

(a) That prior to appellant's Conviction on July 21, 2005, 2005, the appellant on two occasions, July 13, and 19th 2005, made requests in open Court that his trial be deferred until the Supreme Court reached a decision on

(8)

appellant's Writ of Habeas Corpus, relating to
ID# 0404009981 and 0404017226 on reindictment
under same ID numbers and Charges. The
Superior Court refused to grant a Continuance,
and this Court declined to issue an order
Compelling the Superior Court to stop the trial
until it reached a determination on appellant's
Writ of Habeas Corpus (See attached Ex-G
and H). Also See Rhines V. Weber, 125 S.Ct.
1528 W.S, 2005; Lambert V. Blackwell, 134 F.3d
506 C.A.3 (Pa.) 1997; General Elec.Co. V. Deutz
Ag, 2001 WL 1338312 C.A. 3 (Pa. 2001).
This Court Should have taken the appellant's
letter as a Writ of Prohibition and issued
an order stopping the Superior Court from Con-
tinuing trial against the appellant, because
the appellant had no other remedy, and the
Superior Court clearly lacked jurisdiction. See
Knight V. Haley, 36 Del. 366, 176 A. 461 (1934), Also
See Matushefske V. Herlihy, 59 Del. 117, 214 A.2d
883 (1965) The Superior Court exceeded its
jurisdiction. Id. Knight v. Haley. See In re Hovey,
545 A.2d 626 (Del. 1988); Cahaday V. Superior Court,
49 Del. 332, 116 A.2d 678 (1955).

Wherefore: Under the authorities and for the reasons
stated herein, the Court should grant the appellant the relief
Sought.
Dated: 8-17-05
                                          Appellant,
                                          Orson J. Gibbs, Sr.

(9)

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

#8
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

August 26, 2005

Loren C. Meyers, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE  19801

RE:    ***Gibbs v. State***, No. 299, 2005

Dear Counselor:

The Court has received appellant's opening brief and appendix received on August 19, 2005 (copy enclosed), in the above captioned matter. Therefore, please be advised that the appellee's answering brief and appendix are due **September 26, 2005.** By copy of this letter, the appellant is informed that the reply brief, if any, is due 15 days after service of appellee's answering brief.

Very truly yours,

*Lisa A. Semans*

/eas

Enclosure

*(Exhibit K)*

cc:    Mr. Arson Gibbs

To: Clerk of The Court, Lisa A. Semans
Supreme Court Building
55 The Green
Dover, Delaware 19901.

From: Anson F. Gibbs, Sr., SBI# 066482
1181 Paddock Road
Smyrna, Delaware 19977.

Dated: August 30, 2005

Re: Gibbs v. State, No. 299, 2005

Dear Ms. Semans:

I have your letter dated August 26, 2005, rec'd by me on this 30th day of August 2005. Your letter is directed to, Loren C. Meyers, Esquire, Department of Justice, 820 N. French Street, Wilmington, Delaware 19801; advising that the appellee is answering brief and appendix are due September 26, 2005.

However: I am somewhat baffled and confused as to why this letter along with a copy of appellant's opening brief was sent to Loren C. Meyers, Esq; when in fact, the appellant had already served the appellee's, John R. Williams, Esq, Department of Justice, 102 W. Water Street, Dover, Delaware 19904; a copy of appellant's opening brief.

(Exhibit - L)

Moreover: This was done in direct Compliance With your letters dated July 6, 2005, whereas, you informed the appellee's that their answering brief is due 30 days, after Service of appellant's opening brief and appendix. (Supr. Ct. R. 7(a)).

If your office have recied appellant's opening brief on August 19, 2005, the appellees have also recied the Copy Sent to them, therefore, their answering brief Would be due on September 19, 2005, rather than September 26, 2005.

Please give the appellant an explanation as to the Count's actions, to which I the appellant am entitled. Why was a Copy of appellant's opening brief expedited to, Loren C. Meyers, Esq, in New-Castle County, With an extended briefing date?

If appellant's Case have been transferred to New Castle County, why wasn't I the appellant notified before hand?

Am I to believe that I have to served both Kent and New Castle Counties a Copy of motion and responses presented before the Court? Please accept this letter as an application before the Court.

Copy: John R Williams, Esq.
       Loren C. Meyers, Esq

Respectfully Submitted,

Anson I. Gibbs Sr.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

ARSON I. GIBBS, SR.,                    )
                                        )
      Defendant Below,                  )
      Appellant                         )
                                        )
vs.                                     )    No. 299, 2005
                                        )
STATE OF DELAWARE,                      )
                                        )
      Plaintiff Below,                  )
      Appellee                          )

## MOTION TO AFFIRM

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1.   In July 2004, the grand jury indicted Arson Gibbs, charging him in two separate bills of indictment with multiple counts of forgery and theft.  (B1, 5).  In March 2005, prosecutors obtained a superseding indictment, combining the charges from the two earlier indictments.  (B3).  A Superior Court judge, sitting without a jury, convicted Gibbs in July 2005 of five counts of forgery and five counts of theft.  (B4).

2.   Gibbs had applied for state habeas corpus in June 2005. Superior Court summarily denied the petition in June 2005, holding that Gibbs was not entitled to relief because he was being held in default of bail.  (B9).

3.   The Superior Court decision is manifestly correct. Under state law, habeas corpus is not available for a person committed or detained on a felony charge, "the species whereof is

*(Exhibit - M)*

plainly and fully set forth in the commitment." Del. Code Ann. tit. 10, §6902(1). *See, e.g., Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997). The Superior Court record plainly shows that: Gibbs had been indicted by the grand jury; bail had been reduced; Gibbs had failed to appear for trial in May 2005; a capias had been issued; Gibbs had been apprehended; bail had been set at a total of $2000 cash; and Gibbs had not made bail. (B3-4, 7). Under the state habeas statute, that was enough to warrant dismissal of Gibbs' petition.

4. Gibbs stated no claim under the state habeas corpus statute. The judgment of the Superior Court should accordingly be affirmed.

Loren C. Meyers\
Del. Bar ID 2210
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

September 1, 2005

```
                   SUPERIOR COURT CRIMINAL DOCKET              Page    1
                       ( as of  08/31/2005 )
```

```
State of Delaware v.  ARSON I GIBBS                     DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.     AKA: ISAAC GIBBS
Defense Atty: SANDRA W DEAN , Esq.            ISAAC GIBBS
                                              LEONARD R HENSLEY
```

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0404009981 | IK04050921 | FORGERY 2ND | NOLP | 07/21/2005 |
| 002 | 0404009981 | IK04050922 | FORGERY 2ND | NOLP | 07/21/2005 |
| 003 | 0404009981 | IK04050923 | FORGERY 2ND | NOLP | 07/21/2005 |
| 004 | 0404009981 | IK04050924 | THEFT FP <$1000 | NOLP | 07/21/2005 |
| 005 | 0404009981 | IK04050925 | THEFT FP <$1000 | NOLP | 07/21/2005 |
| 006 | 0404009981 | IK04050926 | THEFT FP <$1000 | NOLP | 07/21/2005 |
| 014 | 0404009981 | IK05030523 | FORGERY 2ND | TNJG | 07/21/2005 |
| 015 | 0404009981 | IK05030524 | FORGERY 2ND | TNJG | 07/21/2005 |
| 016 | 0404009981 | IK05030525 | FORGERY 2ND | TNJG | 07/21/2005 |
| 017 | 0404009981 | IK05030526 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 018 | 0404009981 | IK05030527 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 019 | 0404009981 | IK05030528 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 020 | 0404009981 | IK05030529 | FORGERY 2ND | TNJG | 07/21/2005 |
| 021 | 0404009981 | IK05030530 | FORGERY 2ND | DISM | 07/21/2005 |
| 022 | 0404009981 | IK05030531 | FORGERY 2ND | TNJG | 07/21/2005 |
| 023 | 0404009981 | IK05030532 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 024 | 0404009981 | IK05030533 | THEFT FP <$1000 | DISM | 07/21/2005 |
| 025 | 0404009981 | IK05030534 | THEFT FP <$1000 | TNJG | 07/21/2005 |

```
        Event
No.     Date        Event                               Judge
--------------------------------------------------------------------------
1    05/24/2004
     CASE ACCEPTED IN SUPERIOR COURT.
     ARREST DATE: 05/17/2004
     PRELIMINARY HEARING DATE: 5/20/04
     SECURED BAIL-HELD                     1,500.00
     UNSECURED BOND                        1,500.00
3    06/30/2004
     NOTICE OF SERVICE - DISCOVERY RESPONSE.
2    07/06/2004
     INDICTMENT, TRUE BILL FILED.
4    07/07/2004
     SUMMONS MAILED TO DEFENDANT AND BONDSPERSON FOR APPEARANCE IN COURT
     ON 7/15/04 FOR ARRAIGNMENT
5    07/15/2004                            FREUD ANDREA MAYBEE
     ARRAIGNMENT CALENDAR - 10-B BY VIDEO - DEFENDANT WAIVED READING, PLEAD
```

B1

SUPERIOR COURT CRIMINAL DOCKET                Page    2
( as of  08/31/2005 )

State of Delaware v.  ARSON I GIBBS                      DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty:                             LEONARD R HENSLEY

```
        Event
No.     Date          Event                              Judge
-------------------------------------------------------------------------------
        NOT GUILTY, JURY TRIAL DEMANDED
6     07/27/2004                          WITHAM WILLIAM L. JR.
        CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 9/28, TRIAL 10/4/04.
7     07/30/2004                          FREUD ANDREA MAYBEE
        MOTION FOR REDUCTION OF BAIL FILED. FILED BY SHERYL RUSH-MILSTEAD.
8     08/05/2004                          FREUD ANDREA MAYBEE
        MOTION FOR REDUCTION OF BAIL GRANTED.
        BAIL SET IN THE AMOUNT OF
        SECURED BAIL-HELD                1,500.00  10%
        UNSECURED BOND                   1,500.00
9     08/30/2004
        DEFENDANT'S LETTER TO SHERYL RUSH-MILSTEAD, ESQUIRE, FILED
        RE: REPRESENTATION FALLS WELL BELOW THE STANDARD OF REASONABLENESS.
12    09/14/2004
        NOTICE OF SERVICE - DISCOVERY RESPONSE.
10    09/20/2004
        SUBPOENA(S) ISSUED.
11    09/20/2004
        MOTION TO DISMISS COUNSEL FILED (PRO SE).
13    09/28/2004                          VAUGHN JAMES T. JR.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
14    10/04/2004                          WITHAM WILLIAM L. JR.
        TRIAL CALENDAR-JURY TRIAL-CONTINUED 12/20, FCR 12/15/04.
        COURT'S REQUEST-LACK OF JUDGES.
        MOTION TO DISMISS COUNSEL TO BE HEARD ON 12/15/04.
15    10/04/2004
        PETITION REQUESTING TO FILE MEMORANDUM BRIEF IN SUPPORT OF MOTION TO
        DISMISS COUNSEL FILED (PRO SE).
16    11/12/2004
        MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS COUNSEL FILED(PRO SE)
17    12/02/2004
        SUBPOENA(S) ISSUED.
18    12/15/2004                          VAUGHN JAMES T. JR.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 12/20/04
19    12/20/2004                          WITHAM WILLIAM L. JR.
        TRIAL CALENDAR-CONTINUED 2/7, FCR 2/2/05. DEFENSE REQUEST -
        DEFENSE ATTY. IN TRIAL.
20    12/21/2004
        COPY OF DOCKET REQUESTED AND SENT.
21    01/06/2005                          WITHAM WILLIAM L. JR.
        CONTINUANCE REQUEST FILED BY SHERYL RUSH-MILSTEAD, ESQ.; GRANTED BY
        JUDGE WITHAM; ATTY MEDICAL APPT; CON'T TRIAL 1 DAY - 2/8/05
```

B2

```
                   SUPERIOR COURT CRIMINAL DOCKET              Page    3
                       ( as of   08/31/2005 )

State of Delaware v.  ARSON I GIBBS                      DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.     AKA: ISAAC GIBBS
Defense Atty:                                 LEONARD R HENSLEY


       Event
No.   Date          Event                            Judge
------------------------------------------------------------------------
22   01/20/2005
        SUBPOENA(S) ISSUED.
23   01/28/2005
        SUBPOENA(S) ISSUED.
24   02/02/2005                               WITHAM WILLIAM L. JR.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 2/8/05
25   02/08/2005
        TRIAL CALENDAR-JURY TRIAL-CONTINUED. FCR 03/16/05 TRIAL 03/22/05
        COURT'S REQUEST-LACK OF JUDGES.
26   02/11/2005
        NOTICE OF SERVICE - DISCOVERY RESPONSE.
33   02/17/2005
        SUPPLEMENT TO MOTION TO DISQUALIFY COUNSEL FILED (PRO SE).
27   03/03/2005
        SUBPOENA(S) ISSUED.
28   03/07/2005
        INDICTMENT, TRUE BILL FILED.
29   03/16/2005                               WITHAM WILLIAM L. JR.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 3/22/05
        ORAL MOTION TO REDUCE BAIL GRANTED.  ALL CHARGES CHANGED TO $500
        UNSECURED.  ALL OTHER MOTIONS FILED BY THE DEFENDANT ARE MOOT.
30   03/22/2005
        TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST.
        DEFENSE ATTY. IN TRIAL. FINAL CASE REVIEW AND TRIAL 04/20/05
31   04/06/2005
        SUBPOENA(S) ISSUED.
32   04/06/2005
        NOTICE OF SERVICE - DISCOVERY RESPONSE.
34   04/20/2005                               WITHAM WILLIAM L. JR.
        TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
35   04/20/2005                               WITHAM WILLIAM L. JR.
        CAPIAS WITHDRAWN. COURT RECEIVED FAXED CONFIRMATION THAT DEFENDANT
        WAS AT KENT GENERAL HOSPITAL EMERGENCY ROOM.
        NEW DATES GIVEN FOR FCR 5/25, TRIAL 5/31/05
36   05/25/2005                               YOUNG ROBERT B.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL_5/31/05
37   05/31/2005                               VAUGHN JAMES T. JR.
        TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
        $5,000. CASH
38   06/07/2005                               FREUD ANDREA MAYBEE
        CAPIAS RETURNED IN SUPERIOR COURT.
        BAIL SET AT:
```

B3

SUPERIOR COURT CRIMINAL DOCKET                     Page    4
( as of  08/31/2005 )

State of Delaware v.  ARSON I GIBBS                        DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty:                                  LEONARD R HENSLEY

```
       Event
No.    Date        Event                                  Judge
-------------------------------------------------------------------------
       CASH BAIL                        1,000.00 100%
       UNSECURED BOND                   8,500.00
       FCR: 7/13/05 AT 9:00 AM.
       TRIAL: 7/19/05 AT 9:00 A.M.
39     06/28/2005
       SUBPOENA(S) ISSUED.
40     06/30/2005                            WITHAM WILLIAM L. JR.
       ORDER:
       CURRENTLY YOU ARE BEING LAWFULLY HELD AT LEVEL 5 IN DEFAULT OF BOND
       WHILE AWAITING YOUR APPEARANCE IN SUPERIOR COURT FOR FINAL CASE
       REVIEW ON JULY 19, 2005.  THEREFORE, YOUR PETITION FOR WRIT OF
       HABEAS CORPUS IS DISMISSED.  IT IS SO ORDERED, WITHAM, J
       TBH
41     07/13/2005                            WITHAM WILLIAM L. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 7/19/05
42     07/19/2005                            WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-WENT TO TRIAL NON-JURY_BENCH TRIAL BEFORE JUDGE VAUGHN.
43     07/21/2005                            VAUGHN JAMES T. JR.
       NON-JURY TRIAL HELD BEFORE JUDGE VAUGHN JULY 19-21, 2005.  DEFENDANT
       FOUND GUILTY OF COUNTS 1-7, 9-10 AND 12.  COUNTS 8 & 11 WERE DISMISSED
       ISO ORDERED.  SENTENCING DATE 9/13/05 AT 9:00 A.M. BEFORE JUDGE VAUGHN
       BOND REVOKED.  S/K. DICKERSON-COSANS; D/S. DEAN; COURT REPORTER(S):
       E. SAINT-LOTH 7/19; J. WASHINGTON 7/20; AND S. DOUGHERTY ON 7/21/05;
       CC/M. RUDIS  * ALL CHARGES WERE ON REINDICTMENT DATED 3/7/05
44     08/02/2005
       LETTER FROM PARALEGAL OFFICE TO ARSON I. GIBBS
       RE:REQUESTS FOR ACTION BY THE COURT, SUCH AS PETITIONS FOR WRIT OF HAB
       EAS CORPUS, MUST BE IN THE FORM OF A MOTION.
45     08/12/2005                            VAUGHN JAMES T. JR.
       SENTENCING CALENDAR - CONTINUED.  COURT'S REQUEST - LACK OF JUDGES
       10/11/05
46     08/16/2005
       LETTER FROM PARALEGAL OFFICE TO SHERYL RUSH-MILSTEAD, ESQUIRE
       RE: REFERRING CORRESPONDENCE AS ATTORNEY-OF-RECORD.

            *** END OF DOCKET LISTING AS OF  08/31/2005 ***
            PRINTED BY: JAGVLCM
```

B4

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                       ( as of  08/31/2005 )

State of Delaware v.  ARSON I GIBBS                       DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty: SANDRA W DEAN , Esq.             ISAAC GIBBS
                                               LEONARD R HENSLEY


Assigned Judge:

Charges:
Count     DUC#          Crim.Action#    Description         Dispo.    Dispo. Date
------------------------------------------------------------------------------------
 001    0404017226      IK04050927      FORGERY 2ND         NOLP      07/21/2005
 002    0404017226      IK04050928      FORGERY 2ND         NOLP      07/21/2005
 003    0404017226      IK04050929      FORGERY 2ND         NOLP      07/21/2005
 004    0404017226      IK04050930      THEFT < $1000       NOLP      07/21/2005
 005    0404017226      IK04050931      THEFT < $1000       NOLP      07/21/2005
 006    0404017226      IK04050932      THEFT < $1000       NOLP      07/21/2005

        Event
No.     Date           Event                                 Judge
------------------------------------------------------------------------------------
1    05/24/2004
     CASE ACCEPTED IN SUPERIOR COURT.
     ARREST DATE: 05/17/2004
     PRELIMINARY HEARING DATE: 5/21/04
     SECURED BAIL-HELD                   1,500.00
     UNSECURED BOND                      1,500.00
3    06/30/2004
     NOTICE OF SERVICE - DISCOVERY RESPONSE.
2    07/06/2004
     INDICTMENT, TRUE BILL FILED.
4    07/07/2004
     SUMMONS MAILED TO DEFENDANT AND BONDSPERSON FOR APPEARANCE IN COURT
     ON 7/15/04 FOR ARRAIGNMENT
5    07/15/2004                          FREUD ANDREA MAYBEE
     ARRAIGNMENT CALENDAR - 10-B BY VIDEO - DEFENDANT WAIVED READING, PLEAD
     NOT GUILTY, JURY TRIAL DEMANDED
6    07/27/2004                          WITHAM WILLIAM L. JR.
     CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 9/28, TRIAL 10/4/04
7    07/30/2004                          FREUD ANDREA MAYBEE
     MOTION FOR REDUCTION OF BAIL FILED.  FILED BY SHERYL RUSH-MILSTEAD.
8    08/04/2004                          FREUD ANDREA MAYBEE
     MOTION FOR REDUCTION OF BAIL GRANTED.
     BAIL SET IN THE AMOUNT OF
     SECURED BAIL-HELD                   1,500.00  10%
     UNSECURED BOND                      1,500.00  10%
9    08/30/2004
     DEFENDANT'S LETTER TO SHERYL RUSH-MILSTEAD, ESQUIRE, FILED
```

B5

```
                     SUPERIOR COURT CRIMINAL DOCKET              Page    2
                          ( as of   08/31/2005 )
```

State of Delaware v.  ARSON I GIBBS                          DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty:                             LEONARD R HENSLEY

```
       Event
No.    Date            Event                            Judge
--------------------------------------------------------------------------
       RE: REPRESENTATION FALLS WELL BELOW THE STANDARD OF REASONABLENESS.
11     09/14/2004
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
10     09/20/2004
       SUBPOENA(S) ISSUED.
14     09/20/2004
       MOTION TO DISMISS COUNSEL FILED (PRO SE).
12     09/28/2004                               VAUGHN JAMES T. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
13     10/04/2004                              WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-JURY TRIAL-CONTINUED 12/20, FCR 12/15/04.
       COURT'S REQUEST-LACK OF JUDGES.
       MOTION TO DISMISS COUNSEL TO BE HEARD ON 12/15/04.
15     10/04/2004
       PETITION REQUESTING TO FILE MEMORANDUM BRIEF IN SUPPORT OF MOTION
       TO DISMISS COUNSEL FILED (PRO SE).
16     11/12/2004
       MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS COUNSEL FILED(PRO SE)
17     12/02/2004
       SUBPOENA(S) ISSUED.
18     12/15/2004                               VAUGHN JAMES T. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 12/20/04
19     12/20/2004                              WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-CONTINUED 2/7, FCR 2/2/05. DEFENSE REQUEST -
       DEFENSE ATTY. IN TRIAL.
20     12/21/2004
       COPY OF DOCKET REQUESTED AND SENT.
21     01/06/2005                              WITHAM WILLIAM L. JR.
       CONTINUANCE REQUEST FILED BY SHERY RUSH-MILSTEAD, ESQ.; GRANTED BY
       JUDGE WITHAM; ATTY MEDICAL APPT; CON'T TRIAL 1 DAY - 2/8/05
22     01/20/2005
       SUBPOENA(S) ISSUED.
23     02/02/2005                              WITHAM WILLIAM L. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 2/8/05
24     02/08/2005
       TRIAL CALENDAR-JURY TRIAL-CONTINUED - FCR 03/16/05 TRIAL 03/22/05
       COURT'S REQUEST-LACK OF JUDGES.
25     02/11/2005
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
32     02/17/2005
       SUPPLEMENT TO MOTION TO DISQUALIFY COUNSEL FILED (PRO SE).
26     03/03/2005
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                       ( as of   08/31/2005 )
```

State of Delaware v.  ARSON I GIBBS                          DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.        AKA: ISAAC GIBBS
Defense Atty:                                    LEONARD R HENSLEY

```
        Event
No.    Date            Event                              Judge
--------------------------------------------------------------------------------
       SUBPOENA(S) ISSUED.
27   03/16/2005                                  WITHAM WILLIAM L. JR.
     FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 3/22/05
     ORAL MOTION TO REDUCE BOND GRANTED.  ALL CHARGES CHANGED TO $500
     UNSECURED.  ALL OTHER MOTIONS FILED BY DEFENDANT ARE MOOT.
28   03/22/2005
     TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST.
     DEFENSE ATTY. IN TRIAL. FINAL CASE REVIEW AND TRIAL 04/20/05
29   04/06/2005
     SUBPOENA(S) ISSUED.
30   04/06/2005
     SUBPOENA(S) ISSUED.
31   04/06/2005
     NOTICE OF SERVICE - DISCOVERY RESPONSE.
33   04/20/2005                                  WITHAM WILLIAM L. JR.
     TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
34   04/20/2005                                  WITHAM WILLIAM L. JR.
     CAPIAS WITHDRAWN. DEFENDANT FAXED DOCUMENTATION THAT HE WAS AT KGH
     EMERGENCY ROOM.  NEW DATES WERE GIVEN OF FCR 5/25 AND TRIAL 5/31/05.
35   05/09/2005
     SUBPOENA(S) ISSUED.
36   05/25/2005                                  YOUNG ROBERT B.
     FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL_5/31/05
37   05/31/2005                                  VAUGHN JAMES T. JR.
     TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
     $5,000 CASH.
38   06/07/2005                                  FREUD ANDREA MAYBEE
     CAPIAS RETURNED IN SUPERIOR COURT.
     BAIL SET AT:
     CASH BAIL                           1,000.00 100%
     UNSECURED BOND                      2,500.00
     FCR: 7/13/05 AT 9:00 A.M.
     TRIAL: 7/19/05 AT 9:00 A.M.
39   06/28/2005
     SUBPOENA(S) ISSUED.
40   06/29/2005
     PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
     REFERRED TO JUDGE WITHAM
     DATE REFERRED: 6/29/05
     CIVIL CASE NO: 05M-06-017 WLW
     TBH
41   06/30/2005                                  WITHAM WILLIAM L. JR.
```

B7

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    4
                    ( as of  08/31/2005 )

State of Delaware v.  ARSON I GIBBS                     DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.    AKA: ISAAC GIBBS
Defense Atty:                              LEONARD R HENSLEY

       Event
No.    Date         Event                          Judge
----------------------------------------------------------------------
       ORDER: HABEAS CORPUS
       CURRENTLY YOU ARE BEING HELD AT LEVEL 5 IN DEFAULT OF BOND WHILE
       AWAITING YOUR APPEARANCE IN SUPERIOR COURT FOR FINAL CASE REVIEW
       ON JULY 19, 2005.  THEREFORE, YOUR PETITION FOR WRIT OF HABEAS
       CORPUS IS DISMISSED.  IT IS SO ORDERED, WITHAM, J
       TBH
42   07/13/2005                               WITHAM WILLIAM L. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 7/19/05
44   07/21/2005
       CASE CLOSED.  REINDICTED CHARGES ON 3/7/05 UNDER ID 0404009981.

            *** END OF DOCKET LISTING AS OF  08/31/2005 ***
                PRINTED BY: JAGVLCM
```

B8

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

June 30, 2005

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Mr. Arson I. Gibbs, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

**Re:    Arson I. Gibbs, Sr. v. State of Delaware**
**ID Nos.  0404009981 and 0404017226**
**C.A. No. 05M-06-017**

Dear Mr. Gibbs:

The Court has reviewed your petition for writ of habeas corpus which was filed with the Prothonotary on June 29, 2005.

The extraordinary remedy of habeas corpus is not available where the commitment is regular on its face. *Jones v. Anderson,* Del. Supr., 183 A.2d 177, 178 (1962), *citing, Curran v. Woodley,* Del. Supr., 104 A.2d 771 (1954).

You were re-indicted on March 7, 2005 apparently to bring both sets of charges under one indictment. Currently you are being lawfully held at Level 5 in default of bond while awaiting your appearance in Superior Court for Final Case Review on July 19, 2005. Therefore, your petition for writ of habeas corpus is ***dismissed.***

**IT IS SO ORDERED.**

WLW/dmh
oc:  · Prothonotary
xc:    Mr. Arson I. Gibbs, Sr. - DCC
        Attorney General's Office
        Sheryl Rush-Milstead, Esquire
        Inmate Records Supervisor - DCC
        File

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the Supreme Court of Delaware, hereby certifies that on September 1, 2005, he caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following:

Arson I. Gibbs, Sr.
No. 066982
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARSON I. GIBBS, | § | |
| | § | |
| Defendant Below- | § | No. 299, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0404009981 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  September 1, 2005
Decided:  November 1, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **JACOBS**, Justices.

### O R D E R

This 1st day of November 2005, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Arson Gibbs, filed this appeal from the Superior Court's denial of his petition for habeas corpus.  The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gibbs' opening brief that the appeal is without merit.  We agree and affirm.

(2)    The record reflects that Gibbs was indicted in July 2004 in two separate bills of indictment with multiple counts of forgery and theft.  He

*(Exhibit-N)*

#11

SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

September 6, 2005

Mr. Arson I. Gibbs, Sr.
#066982
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: *Gibbs v. State*, No. 299, 2005

Dear Mr. Gibbs:

The Court is in receipt of your letter dated August 30, 2005, regarding the above captioned matter. Please be advised that the State has filed a motion to affirm on September 1, 2005. Said motion stays the briefing until the Court has acted upon it. If the Court grants the motion, the matter will be affirmed. If the Court denies the motion, the State will have 20 days from the date of denial to file the answering brief. *See* Supreme Court Rule 25(a). Service of any future documents in this matter should be upon Loren C. Meyers, Esquire.

Very truly yours,

Cathy L. Howard

/clh

cc: Loren C. Meyers, Esquire

(Exhibit-D)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GIBBS   VS. STATE | § | |
| | § | No. 299, 2005 |
| | § | |
| | § | |
| | § | CR. ID No. |
| | | 0404009981 |
| | § | |
| | § | |
| | § | Superior Court |
| | § | |
| | § | Kent County |
| | § | |
| | § | |

The following docket entry has been made in the above cause.

18. Nov. 17.    Record and mandate to clerk of court below.
                Case Closed.


cc: The Honorable William Witham          Prothonotary
    Mr. Arson I. Gibbs
    John Williams, Esquire                Received Above

                                          By _____

                                          Date _____


Date:  November 17, 2005

Cathy L. Howard,
Clerk of the Supreme
Court

(Exhibit - P)

# M A N D A T E

### THE SUPREME COURT OF THE STATE OF DELAWARE

To:  Superior Court of the State of Delaware in and for Kent
     County:

**GREETINGS:**

    **WHEREAS,** in the case of:

<div align="center">

STATE OF DELAWARE
VS.
CR. ID No. 0404009981
ARSON I. GIBBS

</div>

a certain judgment or order was entered on the 24th day of

June, 2005, which reference is hereby made; and

    **WHEREAS,** by appropriate proceedings the judgment or

order was duly appealed to this Court, and after

consideration has been finally determined, as appears from

the opinion or orders of this Court filed on November 1,

2005, a certified copy of which is attached hereto;

    **ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED**

that the matter be and it is hereby AFFIRMED.

<div align="right">

SIGNED, SEALED AND ATTESTED
BY:

_____
Cathy L. Howard
Clerk of the Supreme Court

</div>

Issued:November 17, 2005
Supreme Court No. 299, 2005

State of Delaware          }
                          }   ss.
Kent County               }

I, Cathy L. Howard, Clerk of the Supreme Court of the State of Delaware, do hereby certify that the foregoing is a true and correct copy of the Order dated November 1, 2005, in *Arson I. Gibbs v. State of Delaware, No.* 299, 2005, as the same remains on file and of record in said Court.

**IN TESTIMONY WHEREOF,**

I have hereunto set my hand and affixed the seal of said Court at Dover this 17th day of November A.D. 2005.

_____
Cathy L. Howard
Clerk of the Supreme Court

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| THE STATE OF DELAWARE | : | ID NO 0404017226 |
| vs. | : | INDICTMENT BY THE |
| ARSON I. GIBBS SR. | : | GRAND JURY |

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

COUNT 1                              K-04-06-0927

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 425, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 2                              K-04- 06-0928

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 422, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb who did not authorize this act. *(Exhibit-D)*

COUNT 3                                 ⅂ K-04-06-0929

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 4                                 ⅄ K-04-06-0930

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did take with the intent to appropriate property consisting of $75.00  United States Currency belonging to Charles Lamb and valued at less than $1,000.00.

COUNT 5                                    IK-04- 06-0931

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware

Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of

Kent, State of Delaware, did take with the intent to appropriate property consisting of

$85.00 United States Currency belonging to Charles Lamb and valued at less than

$1,000.00.

COUNT 6                                    IK-04-06-0932

THEFT, a misdemeanor, in violation of Title 11, Section 841 of the Delaware

Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of

Kent, State of Delaware, did take with the intent to appropriate property consisting of

$380.00 United States Currency belonging to Charles Lamb and valued at less than

$1,000.00.

A TRUE BILL

ATTORNEY GENERAL

(FOREPERSON)

(SECRETARY)

DEPUTY ATTORNEY GENERAL

*indictment*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| THE STATE OF DELAWARE | : | ID NO 0404009981 |
| vs. | : | INDICTMENT BY THE |
| ARSON I. GIBBS SR. | : | GRAND JURY |

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

COUNT 1                          K-04-06-0921

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 134, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $610.00 which purported to be the act of Maynard Scott who did not authorize this act.

COUNT 2                          K-04-06-0922

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 133, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $250.00 which purported to be the act of Maynard Scott who did not authorize this act.

*(Exhibit - 01)*

COUNT 3                          ✗ K-04-06-0923

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 22nd day of March, 2004, in the County of Kent, State of Delaware, did intending to defraud other person, transfer check number 137, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Maynard Scott who did not authorize this act.

COUNT 4                          K-04-06-0924

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County of Kent, State of Delaware, with intent to appropriate did obtain property of Wilmington Truck Bank by intentionally creating a false pretense by presenting a forged instrument by forging check number 137and the said amount less than $1,000.00.

COUNT 5                          K-04- 06-0925

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate did obtain property of Wilmington Truck Bank by intentionally creating a false pretense by presenting a forged instrument by forging check number 134 and the said amount less than $1,000.00.

COUNT 6                                    IK-04-06-0926

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate did obtain property of Wilmington Truck Bank by intentionally creating a false pretense by presenting a forged instrument by forging check number 133 and the said amount less than $1,000.00.

A TRUE BILL

_____                    _____
ATTORNEY GENERAL                            (FOREPERSON)

                                            _____
_____                    (SECRETARY)
DEPUTY ATTORNEY GENERAL

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

**REINDICTMENT**

IN AND FOR KENT COUNTY

THE STATE OF DELAWARE      :      ID NO 0404009981
                                         0404017226

         vs.                 :      INDICTMENT BY THE

ARSON I. GIBBS SR.            :      GRAND JURY

The Grand Jury charges ARSON I. GIBBS SR. with the following offenses:

COUNT 1                      IK-05-03- 0523

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section

861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County

of Kent, State of Delaware, with intent to defraud another person, did transfer check

number 134, drawn on the Wilmington Trust Bank, account of Maynard Scott and made

payable to Arson Gibbs, in the amount of $610.00 which purported to be the act of

Maynard Scott who did not authorize this act.

COUNT 2                      I K-05-03-0524

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section

861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of

Kent, State of Delaware, with intent to defraud another person, did transfer check 133,

drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to

Arson Gibbs, in the amount of $250.00 which purported to be the act of Maynard Scott

who did not authorize this act.

$(Exhibit R)$

COUNT 3                              I K-05-03-0525

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 22nd day of March, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check 137, drawn on the Wilmington Trust Bank, account of Maynard Scott and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Maynard Scott who did not authorize this act.

COUNT 4                              I K-05-03-0526

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of February, 2004, in the County of Kent, State of Delaware, with intent to appropriate, did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 134) as if it had been properly executed by the holder of the account.

COUNT 5                                      I K-05-03- 0527

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate, did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 133) as if it had been properly executed by the holder of the account.

COUNT 6                                      I K-05-03- 0528

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 19th day of March, 2004, in the County of Kent, State of Delaware, with intent to appropriate did obtain property from Wilmington Trust Bank, in an amount less that $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 137) as if it had been properly executed by the holder of the account.

COUNT 7                                    I K-05-03- 0529

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 425, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $75.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 8                                    I K-05-03- 0530

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 422, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $380.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 9                                    TK-05-03 -O5 3 1

FORGERY IN THE SECOND DEGREE, a felony in violation of Title 11, Section 861 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, with intent to defraud another person, did transfer check number 424, drawn on the PNC Bank, account of Charles Lamb and made payable to Arson Gibbs, in the amount of $920.00 which purported to be the act of Charles Lamb who did not authorize this act.

COUNT 10                                   T K-05-03- O5 32

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 425) as if it had been properly executed by the holder of the account.

COUNT 11                         I K-05-03- 0533

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 6th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 422) as if it had been properly executed by the holder of the account.

COUNT 12                         I K-05-03- 0534

THEFT BY FALSE PRETENSE, a misdemeanor, in violation of Title 11, Section 843 of the Delaware Code of 1974 as amended.

ARSON I. GIBBS, SR., on or about the 5th day of April, 2004, in the County of Kent, State of Delaware, did obtain property for PNC Bank, in an amount less than $1,000.00, by intentionally creating a false pretense; to-wit, by presenting a forged instrument (check no. 424) as if it had been properly executed by the holder of the account.

A TRUE BILL

_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL

_____
(FOREPERSON)

_____
(SECRETARY)

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    1
                         ( as of  10/28/2005 )
```

State of Delaware v.  ARSON I GIBBS                    DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty: SANDRA W DEAN , Esq.             ISAAC GIBBS
                                               LEONARD R HENSLEY


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|---|---|---|---|---|---|
| 001 | 0404009981 | IK04050921 | FORGERY 2ND | NOLP | 07/21/2005 |
| 002 | 0404009981 | IK04050922 | FORGERY 2ND | NOLP | 07/21/2005 |
| 003 | 0404009981 | IK04050923 | FORGERY 2ND | NOLP | 07/21/2005 |
| 004 | 0404009981 | IK04050924 | THEFT FP <$1000 | NOLP | 07/21/2005 |
| 005 | 0404009981 | IK04050925 | THEFT FP <$1000 | NOLP | 07/21/2005 |
| 006 | 0404009981 | IK04050926 | THEFT FP <$1000 | NOLP | 07/21/2005 |
| 014 | 0404009981 | IK05030523 | FORGERY 2ND | TNJG | 07/21/2005 |
| 015 | 0404009981 | IK05030524 | FORGERY 2ND | TNJG | 07/21/2005 |
| 016 | 0404009981 | IK05030525 | FORGERY 2ND | TNJG | 07/21/2005 |
| 017 | 0404009981 | IK05030526 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 018 | 0404009981 | IK05030527 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 019 | 0404009981 | IK05030528 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 020 | 0404009981 | IK05030529 | FORGERY 2ND | TNJG | 07/21/2005 |
| 021 | 0404009981 | IK05030530 | FORGERY 2ND | DISM | 07/21/2005 |
| 022 | 0404009981 | IK05030531 | FORGERY 2ND | TNJG | 07/21/2005 |
| 023 | 0404009981 | IK05030532 | THEFT FP <$1000 | TNJG | 07/21/2005 |
| 024 | 0404009981 | IK05030533 | THEFT FP <$1000 | DISM | 07/21/2005 |
| 025 | 0404009981 | IK05030534 | THEFT FP <$1000 | TNJG | 07/21/2005 |

| No. | Event Date | Event | Judge |
|---|---|---|---|
| 1 | 05/24/2004 | CASE ACCEPTED IN SUPERIOR COURT. | |
| | | ARREST DATE: 05/17/2004 | |
| | | PRELIMINARY HEARING DATE: 5/20/04 | |
| | | SECURED BAIL-HELD                1,500.00 | |
| | | UNSECURED BOND                   1,500.00 | |
| 3 | 06/30/2004 | NOTICE OF SERVICE - DISCOVERY RESPONSE. | |
| .2 | 07/06/2004 | INDICTMENT, TRUE BILL FILED. | |
| 4 | 07/07/2004 | SUMMONS MAILED TO DEFENDANT AND BONDSPERSON FOR APPEARANCE IN COURT ON 7/15/04 FOR ARRAIGNMENT | |
| 5 | 07/15/2004 | ARRAIGNMENT CALENDAR - 10-B BY VIDEO - DEFENDANT WAIVED READING, PLEAD | FREUD ANDREA MAYBEE |

*(Exhibit 5)*

```
                    SUPERIOR COURT CRIMINAL DOCKET                  Page    2
                        ( as of  10/28/2005 )

State of Delaware v.  ARSON I GIBBS                    DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.        AKA: ISAAC GIBBS
Defense Atty:                                   LEONARD R HENSLEY


       Event
No.   Date         Event                               Judge
----------------------------------------------------------------------------
       NOT GUILTY, JURY TRIAL DEMANDED
6   07/27/2004                              WITHAM WILLIAM L. JR.
       CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 9/28, TRIAL 10/4/04.
7   07/30/2004                              FREUD ANDREA MAYBEE
       MOTION FOR REDUCTION OF BAIL FILED. FILED BY SHERYL RUSH-MILSTEAD.
8   08/05/2004                              FREUD ANDREA MAYBEE
       MOTION FOR REDUCTION OF BAIL GRANTED.
       BAIL SET IN THE AMOUNT OF
       SECURED BAIL-HELD                  1,500.00  10%
       UNSECURED BOND                     1,500.00
9   08/30/2004
       DEFENDANT'S LETTER TO SHERYL RUSH-MILSTEAD, ESQUIRE, FILED
       RE: REPRESENTATION FALLS WELL BELOW THE STANDARD OF REASONABLENESS.
12  09/14/2004
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
10  09/20/2004
       SUBPOENA(S) ISSUED.
11  09/20/2004
       MOTION TO DISMISS COUNSEL FILED (PRO SE).
13  09/28/2004                              VAUGHN JAMES T. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
14  10/04/2004                              WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-JURY TRIAL-CONTINUED 12/20, FCR 12/15/04.
       COURT'S REQUEST-LACK OF JUDGES.
       MOTION TO DISMISS COUNSEL TO BE HEARD ON 12/15/04.
15  10/04/2004
       PETITION REQUESTING TO FILE MEMORANDUM BRIEF IN SUPPORT OF MOTION TO
       DISMISS COUNSEL FILED (PRO SE).
16  11/12/2004
       MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS COUNSEL FILED(PRO SE)
17  12/02/2004
       SUBPOENA(S) ISSUED.
18  12/15/2004                              VAUGHN JAMES T. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 12/20/04
19  12/20/2004                              WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-CONTINUED 2/7, FCR 2/2/05. DEFENSE REQUEST -
       DEFENSE ATTY. IN TRIAL.
20  12/21/2004
       COPY OF DOCKET REQUESTED AND SENT.
21  01/06/2005                              WITHAM WILLIAM L. JR.
       CONTINUANCE REQUEST FILED BY SHERYL RUSH-MILSTEAD, ESQ.; GRANTED BY
       JUDGE WITHAM; ATTY MEDICAL APPT; CON'T TRIAL 1 DAY - 2/8/05
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                       ( as of  10/28/2005 )

State of Delaware v.  ARSON I GIBBS                      DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty:                                  LEONARD R HENSLEY

      Event
No.   Date        Event                             Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
22   01/20/2005
     SUBPOENA(S) ISSUED.
23   01/28/2005
     SUBPOENA(S) ISSUED.
24   02/02/2005                                 WITHAM WILLIAM L. JR.
     FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 2/8/05
25   02/08/2005
     TRIAL CALENDAR-JURY TRIAL-CONTINUED. FCR 03/16/05 TRIAL 03/22/05
     COURT'S REQUEST-LACK OF JUDGES.
26   02/11/2005
     NOTICE OF SERVICE - DISCOVERY RESPONSE.
33   02/17/2005
     SUPPLEMENT TO MOTION TO DISQUALIFY COUNSEL FILED (PRO SE).
27   03/03/2005
     SUBPOENA(S) ISSUED.
28   03/07/2005
     INDICTMENT, TRUE BILL FILED.
29   03/16/2005                                 WITHAM WILLIAM L. JR.
     FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 3/22/05
     ORAL MOTION TO REDUCE BAIL GRANTED.  ALL CHARGES CHANGED TO $500
     UNSECURED.  ALL OTHER MOTIONS FILED BY THE DEFENDANT ARE MOOT.
30   03/22/2005
     TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST.
     DEFENSE ATTY. IN TRIAL. FINAL CASE REVIEW AND TRIAL 04/20/05
31   04/06/2005
     SUBPOENA(S) ISSUED.
32   04/06/2005
     NOTICE OF SERVICE - DISCOVERY RESPONSE.
34   04/20/2005                                 WITHAM WILLIAM L. JR.
     TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
35   04/20/2005                                 WITHAM WILLIAM L. JR.
     CAPIAS WITHDRAWN. COURT RECEIVED FAXED CONFIRMATION THAT DEFENDANT
     WAS AT KENT GENERAL HOSPITAL EMERGENCY ROOM.
     NEW DATES GIVEN FOR FCR 5/25, TRIAL 5/31/05
36   05/25/2005                                 YOUNG ROBERT B.
     FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL_5/31/05
37   05/31/2005                                 VAUGHN JAMES T. JR.
     TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
     $5,000. CASH
38   06/07/2005                                 FREUD ANDREA MAYBEE
     CAPIAS RETURNED IN SUPERIOR COURT.
     BAIL SET AT:
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     4
                       ( as of  10/28/2005 )

State of Delaware v.  ARSON I GIBBS                      DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty:                                 LEONARD R HENSLEY


       Event
No.    Date         Event                              Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
       CASH BAIL                           1,000.00 100%
       UNSECURED BOND                       8,500.00
       FCR: 7/13/05 AT 9:00 AM.
       TRIAL: 7/19/05 AT 9:00 A.M.
39     06/28/2005
       SUBPOENA(S) ISSUED.
40     06/30/2005                                 WITHAM WILLIAM L. JR.
       ORDER:
       CURRENTLY YOU ARE BEING LAWFULLY HELD AT LEVEL 5 IN DEFAULT OF BOND
       WHILE AWAITING YOUR APPEARANCE IN SUPERIOR COURT FOR FINAL CASE
       REVIEW ON JULY 19, 2005.  THEREFORE, YOUR PETITION FOR WRIT OF
       HABEAS CORPUS IS DISMISSED.  IT IS SO ORDERED, WITHAM, J
       TBH
41     07/13/2005                                 WITHAM WILLIAM L. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 7/19/05
42     07/19/2005                                 WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-WENT TO TRIAL NON-JURY_BENCH TRIAL BEFORE JUDGE VAUGHN.
43     07/21/2005                                 VAUGHN JAMES T. JR.
       NON-JURY TRIAL HELD BEFORE JUDGE VAUGHN JULY 19-21, 2005.  DEFENDANT
       FOUND GUILTY OF COUNTS 1-7, 9-10 AND 12.  COUNTS 8 & 11 WERE DISMISSED
       ISO ORDERED.  SENTENCING DATE 9/13/05 AT 9:00 A.M. BEFORE JUDGE VAUGHN
       BOND REVOKED.  S/K. DICKERSON-COSANS; D/S. DEAN; COURT REPORTER(S):
       E. SAINT-LOTH 7/19; J. WASHINGTON 7/20; AND S. DOUGHERTY ON 7/21/05;
       CC/M. RUDIS  * ALL CHARGES WERE ON REINDICTMENT DATED 3/7/05
44     08/02/2005
       LETTER FROM PARALEGAL OFFICE TO ARSON I. GIBBS
       RE:REQUESTS FOR ACTION BY THE COURT, SUCH AS PETITIONS FOR WRIT OF HAB
       EAS CORPUS, MUST BE IN THE FORM OF A MOTION.
45     08/12/2005                                 VAUGHN JAMES T. JR.
       SENTENCING CALENDAR - CONTINUED.  COURT'S REQUEST - LACK OF JUDGES
       10/11/05
46     08/16/2005
       LETTER FROM PARALEGAL OFFICE TO SHERYL RUSH-MILSTEAD, ESQUIRE
       RE: REFERRING CORRESPONDENCE AS ATTORNEY-OF-RECORD.
47     09/07/2005
       MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
       (K. DICKERSON)
48     09/23/2005
       ANSWER_ TO THE STATE'S MOTION TO DECLARE THE DEFENDANT A HABITUAL OFFE
       NDER FILED.
49     10/11/2005                                 VAUGHN JAMES T. JR.
       SENTENCING CALENDAR: DEFENDANT SENTENCED.
```

}

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page    5
                       ( as of  10/28/2005 )

State of Delaware v.  ARSON I GIBBS                      DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.        AKA: ISAAC GIBBS
Defense Atty:                               LEONARD R HENSLEY

      Event
No.   Date           Event                          Judge
-------------------------------------------------------------------------
      ENDANT DECLARED HABITUAL OFFENDER PURSUANT TO DE CODE 11,
      SECTION 4214A.
50   10/11/2005
      MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
      AMENDED MOTION FILED.
51   10/11/2005                            VAUGHN JAMES T. JR.
      MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER GRANTED.
52   10/27/2005
      COPY OF DOCKET REQUESTED AND SENT.

            *** END OF DOCKET LISTING AS OF  10/28/2005 ***
                 PRINTED BY: CSCJBE2
```

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    1
                    ( as of  10/28/2005 )
```

State of Delaware v.  ARSON I GIBBS                    DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.        AKA: ISAAC GIBBS
Defense Atty: SANDRA W DEAN , Esq.               ISAAC GIBBS
                                                 LEONARD R HENSLEY


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0404017226 | IK04050927 | FORGERY 2ND | NOLP | 07/21/2005 |
| 002 | 0404017226 | IK04050928 | FORGERY 2ND | NOLP | 07/21/2005 |
| 003 | 0404017226 | IK04050929 | FORGERY 2ND | NOLP | 07/21/2005 |
| 004 | 0404017226 | IK04050930 | THEFT < $1000 | NOLP | 07/21/2005 |
| 005 | 0404017226 | IK04050931 | THEFT < $1000 | NOLP | 07/21/2005 |
| 006 | 0404017226 | IK04050932 | THEFT < $1000 | NOLP | 07/21/2005 |

```
      Event
No.   Date          Event                              Judge
-----------------------------------------------------------------------
1     05/24/2004
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 05/17/2004
        PRELIMINARY HEARING DATE: 5/21/04
        SECURED BAIL-HELD               1,500.00
        UNSECURED BOND                  1,500.00
3     06/30/2004
        NOTICE OF SERVICE - DISCOVERY RESPONSE.
·2    07/06/2004
        INDICTMENT, TRUE BILL FILED.
4     07/07/2004
        SUMMONS MAILED TO DEFENDANT AND BONDSPERSON FOR APPEARANCE IN COURT
        ON 7/15/04 FOR ARRAIGNMENT
5     07/15/2004                             FREUD ANDREA MAYBEE
        ARRAIGNMENT CALENDAR - 10-B BY VIDEO - DEFENDANT WAIVED READING, PLEAD
        NOT GUILTY, JURY TRIAL DEMANDED
6     07/27/2004                             WITHAM WILLIAM L. JR.
        CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 9/28, TRIAL 10/4/04
7     07/30/2004                             FREUD ANDREA MAYBEE
        MOTION FOR REDUCTION OF BAIL FILED.  FILED BY SHERYL RUSH-MILSTEAD.
8     08/05/2004                             FREUD ANDREA MAYBEE
        MOTION FOR REDUCTION OF BAIL GRANTED.
        BAIL SET IN THE AMOUNT OF
        SECURED BAIL-HELD               1,500.00  10%
        UNSECURED BOND                  1,500.00  10%
9     08/30/2004
        DEFENDANT'S LETTER TO SHERYL RUSH-MILSTEAD, ESQUIRE, FILED
```

*(Exhibit T)*

```
                SUPERIOR COURT CRIMINAL DOCKET            Page    2
                     ( as of   10/28/2005 )

State of Delaware v.  ARSON I GIBBS                    DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.      AKA: ISAAC GIBBS
Defense Atty:                                  LEONARD R HENSLEY


       Event
No.    Date        Event                            Judge
-----------------------------------------------------------------------------
       RE: REPRESENTATION FALLS WELL BELOW THE STANDARD OF REASONABLENESS.
11   09/14/2004
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
10   09/20/2004
       SUBPOENA(S) ISSUED.
14   09/20/2004
       MOTION TO DISMISS COUNSEL FILED (PRO SE).
12   09/28/2004                                 VAUGHN JAMES T. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
13   10/04/2004                                 WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-JURY TRIAL-CONTINUED 12/20, FCR 12/15/04.
       COURT'S REQUEST-LACK OF JUDGES.
       MOTION TO DISMISS COUNSEL TO BE HEARD ON 12/15/04.
15   10/04/2004
       PETITION REQUESTING TO FILE MEMORANDUM BRIEF IN SUPPORT OF MOTION
       TO DISMISS COUNSEL FILED (PRO SE).
16   11/12/2004
       MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS COUNSEL FILED(PRO SE)
17   12/02/2004
       SUBPOENA(S) ISSUED.
18   12/15/2004                                 VAUGHN JAMES T. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 12/20/04
19   12/20/2004                                 WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-CONTINUED 2/7, FCR 2/2/05. DEFENSE REQUEST -
       DEFENSE ATTY. IN TRIAL.
20   12/21/2004
       COPY OF DOCKET REQUESTED AND SENT.
21   01/06/2005                                 WITHAM WILLIAM L. JR.
       CONTINUANCE REQUEST FILED BY SHERY RUSH-MILSTEAD, ESQ.; GRANTED BY
       JUDGE WITHAM; ATTY MEDICAL APPT; CON'T TRIAL 1 DAY - 2/8/05
22   01/20/2005
       SUBPOENA(S) ISSUED.
23   02/02/2005                                 WITHAM WILLIAM L. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 2/8/05
24   02/08/2005
       TRIAL CALENDAR-JURY TRIAL-CONTINUED - FCR 03/16/05 TRIAL 03/22/05
       COURT'S REQUEST-LACK OF JUDGES.
25   02/11/2005
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
32   02/17/2005
       SUPPLEMENT TO MOTION TO DISQUALIFY COUNSEL FILED (PRO SE).
26   03/03/2005
```

```
                  SUPERIOR COURT CRIMINAL DOCKET              Page    3
                     ( as of  10/28/2005 )
```

State of Delaware v.  ARSON I GIBBS                       DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.        AKA: ISAAC GIBBS
Defense Atty:                                   LEONARD R HENSLEY

```
       Event
No.   Date          Event                              Judge
--------------------------------------------------------------------------
       SUBPOENA(S) ISSUED.
27   03/16/2005                              WITHAM WILLIAM L. JR.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 3/22/05
       ORAL MOTION TO REDUCE BOND GRANTED.  ALL CHARGES CHANGED TO $500
       UNSECURED.  ALL OTHER MOTIONS FILED BY DEFENDANT ARE MOOT.
28   03/22/2005
       TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST.
       DEFENSE ATTY. IN TRIAL. FINAL CASE REVIEW AND TRIAL 04/20/05
29   04/06/2005
       SUBPOENA(S) ISSUED.
30   04/06/2005
       SUBPOENA(S) ISSUED.
31   04/06/2005
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
33   04/20/2005                              WITHAM WILLIAM L. JR.
       TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
34   04/20/2005                              WITHAM WILLIAM L. JR.
       CAPIAS WITHDRAWN. DEFENDANT FAXED DOCUMENTATION THAT HE WAS AT KGH
       EMERGENCY ROOM.  NEW DATES WERE GIVEN OF FCR 5/25 AND TRIAL 5/31/05.
35   05/09/2005
       SUBPOENA(S) ISSUED.
36   05/25/2005                              YOUNG ROBERT B.
       FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 5/31/05
37   05/31/2005                              VAUGHN JAMES T. JR.
       TRIAL CALENDAR-JURY TRIAL:  DEF DNA--CAPIAS ORDERED
       $5,000 CASH.
38   06/07/2005                              FREUD ANDREA MAYBEE
       CAPIAS RETURNED IN SUPERIOR COURT.
       BAIL SET AT:
       CASH BAIL                      1,000.00 100%
       UNSECURED BOND                 2,500.00
       FCR: 7/13/05 AT 9:00 A.M.
       TRIAL: 7/19/05 AT 9:00 A.M.
39   06/28/2005
       SUBPOENA(S) ISSUED.
40   06/29/2005
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE WITHAM
       DATE REFERRED: 6/29/05
       CIVIL CASE NO: 05M-06-017 WLW
       TBH
41   06/30/2005                              WITHAM WILLIAM L. JR.
```

```
                SUPERIOR COURT CRIMINAL DOCKET               Page    4
                    ( as of  10/28/2005 )
```

State of Delaware v.  ARSON I GIBBS                      DOB: 05/05/1942
State's Atty: STEPHEN R WELCH , Esq.        AKA: ISAAC GIBBS
Defense Atty:                                    LEONARD R HENSLEY

```
      Event
No.   Date           Event                        Judge
---------------------------------------------------------------------------
      ORDER: HABEAS CORPUS
      CURRENTLY YOU ARE BEING HELD AT LEVEL 5 IN DEFAULT OF BOND WHILE
      AWAITING YOUR APPEARANCE IN SUPERIOR COURT FOR FINAL CASE REVIEW
      ON JULY 19, 2005.  THEREFORE, YOUR PETITION FOR WRIT OF HABEAS
      CORPUS IS DISMISSED.  IT IS SO ORDERED, WITHAM, J
      TBH
42    07/13/2005                                WITHAM WILLIAM L. JR.
      FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 7/19/05
44    07/21/2005
      CASE CLOSED.  REINDICTED CHARGES ON 3/7/05 UNDER ID 0404009981.
45    10/11/2005
      MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
46    10/27/2005
      COPY OF DOCKET REQUESTED AND SENT.

              *** END OF DOCKET LISTING AS OF  10/28/2005 ***
                    PRINTED BY: CSCJBE2
```