ORIGINAL The United States District Court
For The District of Delaware

296

Anson I. Gibbs, Sr.,                    Civil Action No _____

    Petitioner,

    V.

Thomas Carroll, Warden,                 Memorandum Brief
Delaware Correctional Center,
And Carl C. Danberg Attorney
General of The State of
Delaware,

    Respondents.

FILED

MAY – 5 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Ⓓ scanned

Memorandum Brief In Support of Habeas Corpus Petition

This is Petitioner's Memorandum brief filed in support of his habeas petition, pursuant to 28 U.S.C. subsec. 2254, 28 U.S.C. subsec. 2243 (2000)

1). The petitioner states precisely, that his confinement violates the Constitution, laws and treaties of the United States, and that the violations rise to the level of a fundamental defect which inherently resulted in a complete miscarriage of justice, inconsistent with fair procedure of State law which is of Constitutional magnitude. See Paxton v. Ward, 199 F.3d 1197, 1219 (10th Cir. 1999).

2). That the general improprieties which occurred in petitioner's case, in the State proceedings, resulted in Fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process, and subjected the petitioner to twice being placed in jeopardy for the same offenses. (U.S.C.A. Const. Amends 5 and 14).

## In Support of Ground One of Habeas Petition

3). It is held in U.S. v. Gatewood, 173 F.3d 983, 986 (6th Cir. 1999) (defendant permitted to Challenge indictment at any time on grounds it failed to establish jurisdiction...) See also U.S. v. Vreeken, 803 F.2d 1085, 1088 (10th Cir. 1986) (defendant may raise objection at any time to subject matter jurisdiction...). In petitioners case the record will reflect that the Original indictments were still pending against petitioner when the petitioner was reindicted for the second time on the same offenses. The record will also reflect that the Original/initial indictments were not dismissed or made null and void, having no legal force or effect, until after the petitioner was tried and Convicted on the reindictments. Therefore, the Superior Court was divested or lacked jurisdiction to reindict the petitioner while Original indictments were still pending. Thus, placing the petitioner twice in jeopardy for the same offenses. (U.S.C.A. Const. Amends. 5 and 14). (Please See attached exhibits- Q, Q1, R, S and T)

In Support of Ground Two of Habeas Petition

4). That the petitioner reserved the right to object to reindictment on double jeopardy grounds prior to trial See U.S. V. Shephard, 4 F. 3d 647, 650 (8th Cir. 1993) (objections to indictment on grounds... of inherent double jeopardy Waived because not made before trial). See also Mann V. U.S, 200 F. 3d 895, 900 (6th Cir. 2000). It is held that when a State Court rejects a colorable double jeopardy Claim, the defendant, after exhausting State remedies, may pursue the Claim in a Federal Habeas Corpus action prior to trial in State Court. See Ariz V Washington, 434 U.S. 479, 501 (1978). In Mannes V. Gillespie, 967 F. 2d 1310, 1312 (9th Cir. 1992) (pretrial Habeas Corpus review of Colorable Claim of double jeopardy appropriate where all State remedies are exhausted because full vindication requires intervention before trial).

In Abney V. U.S, 431 U.S. 651, 658-62 (1977) (denial of Motion to dismiss indictment on double grounds immediately appealable because Collateral issue and delay irreparably harms defendant's right not to be tried twice for the same offense).

In Witte V. U.S, 515 U.S. 389, 398 (1995) (denial of Motion to dismiss indictment on double jeopardy grounds immediately appealable even when defendant not yet Convicted a second time); See also U.S V. Romero, 967 F. 2d 63, 65 (2d Cir. 1992); U.S V. Ji, 174 F. 3d 745, 747 (6th Cir 1999).

The petitioner was denied the right to petition this Court for habeas review on the Claims of double jeopardy and subject matter jurisdiction to reindict the petitioner, prior to being

(3)

convicted in State Court. The Superior Court denied petitioner
this right when it failed to grant petitioner's oral motion in
open Court to deter the petitioner's trial until after the Supreme
Court rendered its decision on petitioner's appeal on those Claims.
The Supreme Court denied petitioner this right when it failed
to grant petitioner's letter Motion of Prohibition to stop the
Superior from going forward with the petitioner's trial until
the Court rendered its determination on the Claims of petitioner's
appeal. In spite of petitioner's plea/deference, both Courts
ignored petitioner's plea for justice, and the Superior Court went on
to convict the petitioner, apparently, on both indictments and on
all Charges, and then after Conviction, made null and void the initial
indictments. (Please see attached exhibits. H, I, S and T).
Thus, the Superior and Supreme Court subjected the petitioner
to twice being placed in jeopardy, and Convicted for the same
offenses. (U.S.C.A. Const. Amends. 5 and 14)
Furthermore, the United States Supreme Court has set forth
in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546
(1949), that immediate appeal of a pretrial Order is available
when the Claims are Completely separate from the issue of
the defendant's guilt or innocence, and conclusively determines
the disputed issue, and is effectively unreviewable on appeal
from a final Judgment. See also Abney v. U.S., 431 U.S. 651, 659-23
(1977) (District Court's pretrial Order denying petitioner's Motion
to dismiss the indictment on double jeopardy grounds was final,
appealable decision). Petitioner's fourteenth Amendment right have
been violated by the State Courts. (U.S.C.A. Const. Amends. 5 and 14)

(4)

5) That the State Courts application of United States Supreme Court precedent regarding right to appeal final decision on jurisdiction and double jeopardy Claims, in the petitioner's Case, unreasonable, and denied the petitioner due process and equal protection as guaranteed by the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14). That petitioner's exhaustion requirement satisfied because petitioner raised double jeopardy Claim in pretrial habeas writ... See *Shute v. Tex*, 117 F.3d, 237 (5th Cir. 1997) That exhaustion requirement satisfied even though Claim was not precisely articulated to State Court, but instead was mentioned in paragraph focusing on different, Related Claims. See *Hill v. Lockhard*, 28 F.3d 832, 834-35 (8th Cir. 1994) (Please See exhibits-A and J)

Note: (Any variance of petitioner's Claims Concerning indictment, are due to the misinformation passed on to the petitioner by his Court appointed Counsels prior to the receiving of record).

In Support of Grounds Three And Four of Habeas Petition

6) In *Hajduk v. U.S*, 764 F.2d 795, 796 (11th Cir. 1985) (Court has jurisdiction to entertain petition when habeas brought in Court having jurisdiction over petitioner or his place of incarceration); In re *Green*, 39 F.3d 582, 583 (5th Cir. 1994) (Court for district in which petitioner was indicted, but was neither tried nor incarcerated, lacks jurisdiction to entertain petition). That

(5)

the Supreme Court of the State of Delaware violated petitioner's Right to due process and equal protection as guaranteed by the Constitution of the United States, when it changed jurisdictional territory from Kent County, to, New Castle County, after the proceedings had already begun in Kent County. The petitioner was arrested, indicted, incarcerated and tried in Kent County. Therefore, New Castle County, lacked jurisdiction to entertain petitioner's habeas petition on appeal, in Kent County. (Please see attached exhibits - D, E and K) (U.S.C.A. Const. Amends. 5 and 14).

Furthermore. The Superior Court lacked jurisdiction to issue a belated and suppositious Order on petitioner's habeas petition after the Supreme Court had retained jurisdiction over the subject matter. (Please see attached exhibits - B thru G). (U.S.C.A. Const. Amends. 5 and 14)

May the Court be reminded that, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

That the Court also must "accept as true factual allegations in the complaint and all inferences that can be drawn therefrom." Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996) (quoting Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)

(6)

In concluding the petitioner states precisely, that in any event, the record unequivocally reflect that the petitioner's right to due process in the State Courts were violated under the laws and treaties of the State of Delaware, and the Constitution of the United States. (U.S.C.A. Const. Amends. 5 and 14)

Wherefore: The petitioner pray that the Court will grant him the relief sought, and issue an Order to Warden, Thomas Carroll, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, releasing the petitioner from the Department of Corrections.

Dated: May 5, 2006

Petitioner, Pro Se,
Aaron I. Gibbs, Sr.
Aaron I. Gibbs, Sr., SBI# 266982
1181 Paddock Road
Smyrna, Delaware 19977

(7)