## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| THOMAS CARROLL, Warden | : |
| and CARL C. DANBERG, Attorney | : |
| General for the State of Delaware | : |
| | : |
| Respondents. | : |

Civ.Act.No.06-296-SLR

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On July 21, 2005, the petitioner, Arson I. Gibbs, Sr., was convicted in a Delaware Superior Court bench trial of five counts of second degree forgery and five counts of theft by false pretense. *Gibbs v. State*, 2005 Del. LEXIS 427, *1-2 (Del. 2005)(*Gibbs I*). Gibbs was sentenced to a total of ten years imprisonment to be followed by a term of probation. *See Gibbs v. State*, 2006 Del. LEXIS 375 (Del. 2006) (*Gibbs II*). On appeal, the Delaware Supreme Court affirmed Gibbs' convictions and sentence. *Id.* at *3. In June 2005, Gibbs had filed a petition for a writ of state habeas corpus with the Delaware Superior Court. Superior Court denied relief, ruling that Gibbs was lawfully detained in default of bail. (D.I. 2, Exhibit F at #6). On November 1, 2005, the Delaware Supreme Court affirmed the ruling of Superior Court holding that, under 10 Del. C. §6902(1), "a writ of habeas corpus is not available to any person who is committed or detained on a

1

felony charge, 'the species whereof is plainly set forth in the commitment." *Gibbs I*, at *2 (Del. 2005). Because Gibbs was being detained on felony charges in default of bail, he was not entitled to habeas corpus relief. *Id.* Gibbs' federal habeas corpus appeal is dated May 5, 2006.

Facts

Arson Gibbs was arrested in May 2004. (Superior Court Criminal Docket #0404009981, at 1.). In July 2004, the grand jury indicted Gibbs, charging him in two separate bills of indictment with multiple counts of forgery and theft. *Id.* In March 2005 prosecutors obtained a superseding indictment, combining the charges from the two earlier indictments. *See Gibbs I* at *1. In June 2005 Gibbs applied for state habeas relief pursuant to 10 Del. C. §6902. (D.I. 2, Exhibit A at #1). A Superior Court judge, sitting without a jury, convicted Gibbs in July 2005 of five counts of forgery and five counts of theft. (Superior Court Criminal Docket #0404009981, at 4).

Discussion

In his petition for federal habeas relief, Gibbs raises the following grounds for relief: (1) the superseding indictment obtained against him in March 2005 violated the Double Jeopardy Clause of the Fifth Amendment; (2) Superior Court lacked jurisdiction to try Gibbs while his state habeas corpus appeal was pending in the Delaware Supreme Court; (3) Superior Court lacked jurisdiction to rule on Gibbs' state habeas corpus appeal after the Delaware Supreme Court had accepted jurisdiction; and (4) the Delaware Supreme Court erred in the following ways - by not stopping Gibbs' Superior Court trial while his state habeas corpus appeal was pending; by allowing the State additional time to file the answering brief; and by changing the jurisdiction from Kent County to New

2

Castle County.    Gibbs did not present any of his claims on direct appeal of his conviction.  *See Gibbs II.*  He did, however, present his Double Jeopardy claim to the state Supreme Court in *Gibbs I.*

*Claim One - Double Jeopardy*

Gibbs has asserted that the State violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States by obtaining a superseding indictment while the first was still pending.  In the first instance, Gibbs has failed to exhaust his state remedies on this claim.  In order to exhaust state remedies, Gibbs must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Landano v. Rafferty,* 897 F.2d 661, 670-71 (3d Cir.), *cert. denied,* 498 U.S. 811 (1990); *Gibson v. Scheidemantel,* 805 F.2d 135, 139 (3d Cir. 1986). In turn, the claim must have been fairly presented to the state's highest court. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del. Dec. 22, 2000). Fair presentation requires that the claim be presented in a manner which permits the state's highest court to consider the merits of the case. *See Castille v. Peoples,* 489 U.S. 346, 350 (1989); *Brown v. Allen,* 344 U.S. 443, 448-49 n. 3 (1953).  In the instant case, Gibbs attempted to use the state habeas procedure to challenge his detention where his claims were more properly raised in the context of a direct appeal of his convictions.    Under state law, habeas corpus is unavailable to "those committed on a charge of felony, the species whereof is plainly and fully set forth in the commitment." 10 Del. C. §6902. At the time his state habeas appeal was filed, Gibbs was detained in default of bail on felony forgery charges. (*See* Superior

3

Court Criminal Docket #0404009981, at 3). After Superior Court granted a motion reducing his bail to $500 on all counts on March 16, 2005 (*Id.*), Gibbs failed to appear for trial on May 31, 2005 and a capias was issued. *Id.* The capias was returned on June 7, 2005 and Gibbs was ordered held on a cash bond of $5,000. *Id.* Shortly thereafter Gibbs filed his state habeas petition. *Id.* at 4. Thus the only issue properly before the state Supreme Court on appeal was the circumstances of his detention in June 2005. *See Curran v. Woolley*, 104 A.2d 771, 773-74 (Del. 1954). The court was not required to consider the merits of his double jeopardy claims. *See Nickerson v. Snyder*, 2002 WL 237869, at *2 (D. Del. 2002). Gibbs, therefore, had not fully exhausted state remedies in regard to his double jeopardy claim at the time he filed this action.

If, however, there is no available state remedy, then Gibbs is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). Gibbs filed a direct appeal of his convictions in November 2005. (Superior Court Criminal Docket #0404009981, at 5). On direct appeal to the Delaware Supreme Court, Gibbs failed to raise this double jeopardy claim. By not raising this issue on direct appeal, Gibbs is procedurally barred from raising the claim in subsequent post-conviction filings. *See* DEL. SUPER. CT. CRIM. R. 61(I)(3); *Oney v. State*, 482 A.2d 756, 758 (Del. 1984); *Johnson v. State*, 460 A.2d 539, 541 (Del. 1983). Thus, Gibbs is excused from the exhaustion requirement, but the claim is procedurally defaulted. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Gibbs has not alleged cause

4

for his failure to raise his double jeopardy claim on direct appeal. As a result, Gibbs has not established cause for his procedural default, and that alone is sufficient to warrant dismissal of his federal claims. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

Alternatively, Gibbs' contention that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated by the two simultaneous indictments obtained against him is without merit. The Double Jeopardy Clause protects against multiple trials for the same offense, not against multiple indictments for the offense. No double jeopardy issue is presented when there are several pending indictments, setting forth largely identical charges, against the same defendant. *United States v. Cerilli*, 558 F.2d 697, 701 & n. 8 (3d Cir. 1977) (citing cases). Jeopardy attaches when a jury is empanelled and sworn. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569 (1977). Thus only when the prosecution attempts, after a verdict on one indictment, to move ahead on another indictment charging the same offense, does the Double Jeopardy Clause come into play. Gibbs was never prosecuted on the 2004 indictments, and by the *nolle prosequis* on the charges contained in the 2004 indictments, the State clearly demonstrated its intent to proceed on only one indictment. Gibbs was tried and convicted solely on the 2005 indictments. Thus the Double Jeopardy Clause was never implicated, and Gibbs simply has made out no claim for relief.

*Claims Two and Three – Superior Court Errors*

Gibbs' second and third claims for relief are not cognizable in federal habeas review. Gibbs contends that Superior Court exceeded its authority by first failing to halt

5

his trial while his state habeas action was pending and second by ruling on the petition. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). Gibbs' contention that Superior Court erred by not halting his trial pending resolution of his state habeas petition (and appeal), is without merit. Superior Court was under no obligation to halt Gibbs' trial. Gibbs' second contention, that Superior Court lacked jurisdiction to rule on his state habeas petition, is clearly incorrect. Delaware law grants jurisdiction to issue writs of habeas corpus to the Superior Court for all matters except those involving child support enforcement. 10 Del. C. §6901. Assuming for purposes of argument that Gibbs' contention that Superior Court erred in either of these two instances, the errors are procedural and not cognizable on federal habeas review. *Smith v. Zimmerman*, 768 F.2d 69, 73 (3d Cir. 1985). Where a state court affirmatively asserts jurisdiction over a matter "a federal habeas court has at most a circumscribed role in reviewing whether a state court properly applied its own law when it explicitly decided to exercise jurisdiction." *Lambert v. Blackwell*, 387 F.3d 210, 238 (3d Cir. 2004). Gibbs' second and third claims offer no basis for review by this Court.

*Claim Four – Delaware Supreme Court Errors*

Gibbs has challenged several procedural decisions of the Delaware Supreme Court. Gibbs has asserted that the state Supreme Court erred by not stopping Gibbs' Superior Court trial while his state habeas corpus appeal was pending; by allowing the

State additional time to file the answering brief; and by changing the jurisdiction from Kent County to New Castle County. All of these points are a matter of state law and thus not cognizable in federal habeas.

Gibbs first propounds the claim that the Delaware Supreme Court erred by not prohibiting Superior Court from trying him on the 2005 indictment while his habeas appeal was pending. Assuming for purposes of argument that such a claim is cognizable on federal habeas review, it is without merit. To secure a stay of his trial until his habeas appeal was resolved, Gibbs was required to file for a writ of prohibition in the Delaware Supreme Court. The writ of prohibition is the "legal equivalent of the equitable remedy of injunction." *In re Hovey*, 545 A.2d 626, 628 (Del. 1988). The Delaware Supreme Court was under no obligation to treat Gibbs' improper state habeas petition as a petition for a writ of prohibition. *See DeMoss v. Rhodes*, 133 A.2d 918, 919 (Del. 1957). Thus, even if Gibbs' claim was cognizable on federal habeas review, it is without merit.

Gibbs also asserts that the Supreme Court erred by granting the State's request for an extension of time to file its answering brief when he had not made a similar request. At no time did the State request an extension of time to file the answering brief. And Gibbs suffered no prejudice: the State moved to affirm the Superior Court decision under Delaware Supreme Court Rule 25(a).

Gibbs' final contention that the Supreme Court erred by "changing the jurisdictional territory [of his appeal] from Kent County to New Castle County." (Petition at 10). Gibbs has misinterpreted the actions of the Clerk of the Delaware Supreme Court. Gibbs originally served notice of his appeal on an attorney in the Kent County office of the Department of Justice. (D.I. 2, Exhibit B at #2). The Clerk of the Supreme Court

shortly thereafter sent notice of the appeal to Loren Meyers, Esq., Chief of the Appeals Division for the Department of Justice. Because the Supreme Court of Delaware has jurisdiction over the entire state, no jurisdictional change was effected by the Clerk's action. Conversely, Deputy Attorneys General have statewide jurisdiction under Delaware law. 29 Del. C. §2505(g). Gibbs' complaints state no federal claim.

## Conclusion

Based upon the Superior Court docket sheet, it appears that, a transcript of Gibbs' trial, sentencing, and verdict have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612

DATE: September 5, 2006

LEXSEE

**ARSON I. GIBBS, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.**

**No. 299, 2005**

**SUPREME COURT OF DELAWARE**

**2005 Del. LEXIS 427**

**September 1, 2005, Submitted
November 1, 2005, Decided**

**NOTICE:** THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Motion granted by, Subsequent appeal at Gibbs v. State, 2006 Del. LEXIS 375 (Del., July 10, 2006)

**PRIOR HISTORY:** [*1] Court Below--Superior Court of the State of Delaware, in and for Kent County. Cr. ID 0404009981.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The Superior Court of the State of Delaware, in and for Kent County, denied and summarily dismissed petitioner prisoner's petition for habeas corpus on the ground that he was lawfully detained in default of bail. The prisoner appealed. The State filed a motion to affirm the lower court's judgment on the ground that it was manifest on the face of the prisoner's opening brief that his appeal was without merit.

**OVERVIEW:** The prisoner was indicted in two separate bills of indictment with multiple counts of forgery and theft. The prisoner was subsequently reindicted in a consolidated indictment and was convicted after a bench trial, of five counts of forgery and five counts of theft. The lower court's decision was manifestly correct. Under Delaware law, Del. Code Ann. tit. 10, § 6902(1), a writ of habeas corpus was not available to any person who was committed or detained on a felony charge if the species of the charge was plainly and fully set forth in the commitment. The prisoner was being lawfully held on felony charges in default of bail. Accordingly, he was not entitled to habeas corpus relief.

**OUTCOME:** The highest court granted the State's motion to affirm and affirmed the judgment.

**CORE TERMS:** writ of habeas corpus, motion to affirm, opening brief, indictment, default, forgery, theft, bail

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Habeas Corpus > Cognizable Issues > General Overview*
[HN1] Under Del. Code Ann. tit. 10, § 6902(1), a writ of habeas corpus is not available to any person who is committed or detained on a felony charge, the species whereof is plainly and fully set forth in the commitment.

**JUDGES:** Before STEELE, Chief Justice, HOLLAND, and JACOBS, Justices.

**OPINIONBY:** Myron T. Steele

**OPINION:**

**ORDER**

This 1st day of November 2005, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Arson Gibbs, filed this appeal from the Superior Court's denial of his petition for habeas corpus. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gibbs' opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Gibbs was indicted in July 2004 in two separate bills of indictment with multiple counts of forgery and theft. He subsequently was

2005 Del. LEXIS 427, *

reindicted in a consolidated indictment in March 2005. He was convicted in July 2005, following a Superior Court bench trial, of five counts of forgery and five counts of theft. Gibbs had filed a petition [*2] for a writ of habeas corpus in June 2005, which the Superior Court summarily dismissed on the ground that Gibbs was lawfully detained in default of bail.

(3) The Superior Court's decision is manifestly correct. [HN1] Under state law, a writ of habeas corpus is not available to any person who is committed or detained on a felony charge, "the species whereof is plainly and fully set forth in the commitment." * Gibbs was being lawfully held on felony charges in default of bail. Accordingly, he was not entitled to habeas corpus relief.

* 10 Del. C. § 6902(1).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele

Justice

LEXSEE

**ARSON I. GIBBS, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.**

**No. 555, 2005**

**SUPREME COURT OF DELAWARE**

**2006 Del. LEXIS 375**

**June 5, 2006, Submitted**
**July 10, 2006, Decided**

**NOTICE:** [*1] THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** Court Below-Superior Court of the State of Delaware, in and for Kent County. Cr. ID 0404009981. Gibbs v. State, 2005 Del. LEXIS 427 (Del., Nov. 1, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed a judgment by the Superior Court of the State of Delaware, in and for Kent County, his attorney moved to withdraw, and the State moved to affirm.

**OVERVIEW:** Defendant was found guilty of six counts of second-degree forgery and related charges and was sentenced as a habitual offender to 10 years at Level V incarceration followed by probation. Defendant did not raise any issues for consideration on appeal. The state supreme court reviewed the record carefully and concluded that defendant's appeal was wholly without merit and devoid of any arguably appealable issue. The court was also satisfied that defendant's counsel made a conscientious effort to examine the record and the law, and properly determined that defendant could not raise a meritorious claim on appeal.

**OUTCOME:** The motion to affirm was granted, the judgment was affirmed, and the motion to withdraw was moot.

**CORE TERMS:** motion to withdraw, appealable, conscientious, devoid, presentation

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Appeals > Frivolous Appeals*
[HN1] The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Del. Sup. Ct. R. 26(c) is twofold: (a) the Delaware Supreme Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.

**JUDGES:** Before BERGER, JACOBS, and RIDGELY, Justices.

**OPINIONBY:** Jack B. Jacobs

**OPINION:**

**ORDER**

This 10th day of July 2006, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Arson Gibbs (Gibbs), was found guilty of six counts of second degree forgery and related charges following a bench trial in the Superior Court. The Superior Court sentenced Gibbs as an habitual offender to a total period of ten years at Level V

incarceration to be followed by probation. This is Gibbs' direct appeal.

(2) Gibbs' counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Gibbs' counsel asserts that, based upon a complete and careful examination of the record, there [*2] are no arguably appealable issues. By letter, Gibbs' attorney informed him of the provisions of Rule 26(c) and provided Gibbs with a copy of the motion to withdraw and the accompanying brief. Gibbs also was informed of his right to supplement his attorney's presentation. Gibbs has not raised any issues for this Court's consideration. The State has responded to the position taken by Gibbs' counsel and has moved to affirm the Superior Court's judgment.

(3) [HN1] The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation. *

* _Penson v. Ohio_, 488 U.S. 75, 83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); _McCoy v. Court of Appeals of Wisconsin_, 486 U.S. 429, 442, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988); _Anders v. California_, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[*3]

(4) This Court has reviewed the record carefully and has concluded that Gibbs' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Gibbs' counsel has made a conscientious effort to examine the record and the law and has properly determined that Gibbs could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Jack B. Jacobs

Justice

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Darryal D. COVERDALE, Plaintiff,
v.
Robert SNYDER, et al. Defendants.
Darryal D. COVERDALE, Petitioner,
v.
Robert SNYDER, Warden, and M. Jane Brady
Attorney General of the State of Delaware,
Respondents.
**No. Civ.A. 98-718-GMS.**

Dec. 22, 2000.

Darryal D. Coverdale, Plaintiff, pro se.
Thomas E. Brown, State of Delaware Department of
Justice, Wilmington, DE, for Defendants.
Thomas E. Brown, of the State of Delaware
Department of Justice, Wilmington, Delaware, for
Respondents, Robert Snyder and M. Jane Brady.

*MEMORANDUM OPINION*
SLEET, J.

### I. INTRODUCTION

*1 The petitioner, Darryal D. Coverdale,
("Coverdale"), is currently incarcerated in the
Delaware Correctional Center located in Smyrna,
Delaware. He filed a petition for the issuance of a
writ of habeas corpus on December 28, 1998, with
the court (D.I.1). In his petition, Coverdale raises the
following four separate grounds for relief: (1) abuse
of discretion by the trial court, (2) prosecutorial
misconduct, (3) ineffective assistance of counsel and
(4) obstruction of justice by the State of Delaware.
Coverdale also filed a motion to compel discovery.
(D.I.14).[FN1] After considering the papers filed by the
parties the court finds that Coverdale's claims lack
merit. Therefore, it will dismiss the petition with
prejudice, deny the relief requested, and deny the
motion as moot.[FN2]

> FN1. Coverdale filed his motion on October
> 18, 1999. According to his motion, the
> respondents violated a court order by not
> furnishing transcripts of the proceedings.
> However, the order to which Coverdale
> refers states "[i]ndicate what transcripts of

pre-trial, trial, sentencing, and post-
conviction proceedings are available, when
they can be furnished, and what proceedings
have been recorded but not transcribed."
(D.I. 4 at ¶ 2(c)). The respondents' answer
states that no transcripts of the proceeding
were prepared but would be if the court so
ordered. Additionally, the respondents
maintain that it would take more than 90
days to make the transcripts available. Since
the respondents did not violate the terms of
the court's order and, in any event,
Coverdale's motion is moot, the court will
deny it.

> FN2. Coverdale has also filed an action
> against numerous individuals for alleged
> violations of 42 U.S.C. § 1983 based on the
> same facts alleged in his petition. As to the
> issues raised in that action, the court will
> issue a separate opinion in Civ.A.No. 98-
> 718-GMS.

### II. BACKGROUND

In 1995, Coverdale plead guilty in Delaware Superior
Court to charges of theft and possession of drugs. For
the theft charge, he was sentenced to two years
imprisonment at Level V incarceration, suspended for
a Level IV treatment program followed by a period of
probation. For the drug charge, Coverdale was
sentenced to one year in prison, suspended for one
year of probation. Upon a 1996 finding that he
violated the terms of his probation, The Delaware
Superior Court resentenced Coverdale to drug
treatment followed by an additional term of
probation. In 1997, Coverdale was arrested yet again
on drug charges. Since he had never reported to the
Level IV drug treatment program to which he was
twice sentenced, he was also charged with escape
after conviction. See *In re Coverdale*, No. 125, 1998,
1998 WL 188568, at *1 (Del. April 7, 1998)
(Coverdale I). On January 23, 1998, after holding a
hearing at which Coverdale was represented by
counsel, the Delaware Superior Court convicted him
of violating his probation, revoked his probation, and
sentenced him to two and a half years in prison.[FN3]

> FN3. The record indicates that Coverdale
> plead guilty to violating his probation.

Coverdale did not directly appeal the revocation of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

his probation. Instead, he sought a writ of mandamus from the Supreme Court of Delaware.[FN4] The Delaware Supreme Court dismissed the petition for a writ of mandamus on April 7, 1998. Coverdale then filed a motion for state post-conviction relief in the Delaware Superior Court challenging the finding that he violated his probation. On November 12, 1998, the Delaware Supreme Court affirmed the Delaware Superior Court's denial of post conviction relief.[FN5]

> FN4. In his petition, Coverdale alleges that he was improperly indicted for escape, that his court appointed counsel conspired with the State against him, and that the Delaware Superior Court improperly refused to act on a petition filed pursuant to Del.Supr. Ct.Crim. R. 61. He asked the court to (1) dismiss his 1997 escape and drug charges and (2) order the Superior Court to rule on his 1995 post-conviction motions. The Supreme Court found that (1) the Superior Court docket did not reflect that Coverdale filed any post-conviction motions in his 1995 case and (2) Coverdale did not show why he was entitled to the relief he sought since he could file post-conviction motions attacking his conviction. See *Coverdale I, 1998 WL 188568* at *1-2.

> FN5. Coverdale moved for post-conviction relief for his 1997 charges in the Delaware Superior Court. The Superior Court denied such relief on April 3, 1998. The Delaware Supreme Court found that Coverdale's challenge to his conviction was not raised on direct appeal and that he did not make the required showing of cause and prejudice to overcome the procedural bar. See Del.Supr. Ct.Crim. R. 61(i)(3). Therefore, the Delaware Supreme Court affirmed the denial of post-conviction relief. See *Coverdale v. State of Delaware, No. 188, 1998, 1998 WL 985330,* at *1 (Del. Nov. 12, 1998) (Coverdale II).

On December 23, 1998, Coverdale filed a petition for a writ of habeas corpus with the court. He raises the following claims:
1. The Superior Court judge who found that Coverdale violated his probation should have established on the record that the drug offense was the true basis for the violation and the court erred in denying post conviction relief.
2. The prosecutor intentionally manipulated the

revocation of probation proceedings in order to hide the fact that a probation officer had violated Coverdale's rights.
*2 3. Coverdale's counsel worked as an "agent provocateur for the State" and thereby denied him effective assistance of counsel during "pretrial, trial, and failed to file an appeal."
4. All the state actors involved (including the Delaware Supreme Court) intentionally committed obstruction of justice to conceal violations of Coverdale's constitutional rights.

Finally, after Coverdale filed the instant petition for a writ of habeas corpus, he filed two additional motions for modification of his sentence with the Delaware Supreme Court. Both motions were denied as repetitive.[FN6] See *Coverdale v. State of Delaware, No. 179, 2000, 2000 WL 1616599,* at *1 (Del. Oct. 23, 2000) (Coverdale III). Since these motions were made and ruled upon after Coverdale filed the instant petition, the court will not consider whether the denial of the motions constitutes grounds for relief.

> FN6. Coverdale had already filed a similar motion in the Delaware Superior Court which was denied.

### III. STANDARD OF REVIEW

Because Coverdale filed his habeas petition after April 24, 1996, the terms of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply. See, e.g., *Lindh v. Murphy,* 521 U.S. 320, 326-27 (1997). Under AEDPA, a habeas petitioner who is incarcerated as a result of a state conviction cannot obtain relief unless the decision of the state court was either "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); see also *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999); *Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996); *Finch v. Snyder,* Civ.A.No. 98-537-SLR, 2000 WL 52162, at *3 (D.Del. Jan. 10, 2000). AEDPA also requires that the court afford substantial deference to factual findings and legal determinations made by state courts and places the burden on the petitioner to rebut the presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e) (as amended); *Dickerson,* 90 F.3d at 90.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00296-SLR    Document 16    Filed 09/05/2006    Page 15 of 26

Not Reported in F.Supp.2d                                                                    Page 3
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

## IV. DISCUSSION

### 1. Exhaustion

As a threshold matter, the court must determine whether Coverdale has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). If a habeas petition contains an unexhausted claim, the entire petition "must be dismissed without prejudice for failure to exhaust all state created remedies." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996) (citing *Rose v. Lundy,* 455 U.S. 509, 510 (1982)). A petitioner's claim is considered exhausted if it has been fairly presented to the state's highest court, either on direct appeal or in a post conviction-proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citing *Evans v. Court of Common Pleas, Delaware Co., Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992)). To have fairly presented a claim, the petitioner must have submitted to the state court both the legal theory and the facts that are "substantially equivalent" to those asserted in his federal habeas petition. *See Doctor,* 96 F.3d at 678.

*3 Upon reviewing the record, the court finds that all of Coverdale's claims are exhausted.[FN7] Coverdale raised an ineffective assistance of counsel claim relating to his January 23, 1998 revocation hearing before the Delaware Supreme Court. *See* D .I. 1, Ex. 1; *see also Coverdale II,* 1998 WL 985330, at *1. Coverdale presented both the Delaware Superior Court and the Delaware Supreme Court with his claims of obstruction of justice, prosecutorial misconduct, and abuse of discretion by asking for post-conviction relief, petitioning for a writ of mandamus, and making several motions for a reduction in his sentence. *See* D.I. 1, Ex. 1; *see also Coverdale III,* 2000 WL 1616599, at *1; *Coverdale II,* 1998 WL 985330, at *1; *Coverdale I,* 1998 WL 188568, at *1.

> FN7. The respondents agree with this conclusion. *See* Ans. at 2-3, 5. Nevertheless, the court must make an independent determination whether the petitioner's claims are exhausted.

### B. Procedurally Defaulted Claims

Although Coverdale has exhausted all the claims presented in his petition, the court must inquire whether he has complied with relevant state procedural requirements before it can turn to the merits. *See Caswell v. Ryan,* 953 F.2d 853, 860 (3d Cir.1992) (finding that federal habeas court first determine whether it "fairly appears" that state Supreme Court based its decision primarily on state law); *see also Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991) (stating that allowing federal habeas petitioners to proceed when procedural default in state court is responsible for absence of state remedies would undermine principles of comity and federalism). A state court ruling resting on an adequate and independent state procedural ground will bar federal habeas review absent a showing of cause and prejudice by the petitioner. *See Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977).

The Delaware Supreme Court dismissed Coverdale's first, second, and fourth claims on the ground that he neither raised the claims on direct appeal, nor complied with Del.Supr. Ct.Crim. R. 61(i)(3).[FN8] *See Coverdale II,* 1998 WL 985330, at *1. Numerous courts in this district have held that Del.Supr. Ct.Crim. R. 61(i) is an adequate and independent state ground which bars review by a federal court. *See, e.g., Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999); *Desmond v. Snyder,* Civ.A.No. 96-327-GMS, 1999 WL 33220036, at *11 (D.Del. Nov. 16, 1999); *Sullivan v. State of Delaware,* Civ.A.No. 96-231-SLR, 1998 WL 231264, at *17 (Apr. 30, 1998); *Laws v. Snyder,* Civ.A.No. 95-579-SLR, 1996 WL 484835, at *3 (D.Del. Aug. 7, 1996); *Flamer v. Chaffinch,* 827 F.Supp. 1079, 1087-88 (D.Del.1993). Therefore, the court finds that the Delaware Supreme Court articulated a "plain statement" that its decision rested on state law grounds. *See Harris v. Reed,* 501 U.S. 255, 263-64 (1989).

> FN8. Del.Supr. Ct.Crim. R. 61(i)(3) states that "Any ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred, unless the movant shows (A) [c]ause for relief from procedural default and (B) [p]rejudice from violation of the movant's rights."

There are two ways Coverdale can overcome the state procedural bar to the court's review. Coverdale must either establish (1) cause for the default and actual prejudice to federal rights flowing therefrom or (2) that the court's refusal to hear his habeas claim would result in a fundamental miscarriage of justice. *See* 28 U.S .C. § 2254(a); *Coleman,* 501 U.S. at 750; *Finch,* 2000 WL 52162, at *5. The court finds that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Coverdale has neither established cause and prejudice, nor demonstrated that he falls within the miscarriage of justice exception for his first, second, and fourth claims. As a result, the court cannot hear these claims.

**\*4** To demonstrate cause for his procedural default, Coverdale must show that "something external to the petitioner, something that cannot be fairly attributable to him" impeded his efforts to comply with Del.Supr. Ct.Crim. R. 61(i)(3). *See Coleman,* 501 U.S. at 750; *see also McClesky v. Zant,* 499 U.S. 467, 493 (1991); *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Coverdale's petition does not allege any external impediment which prevented him from raising his first, second, and fourth claims in state post-conviction proceedings. Construing the petition in a broad light, however, there is a hint of a "cause" argument in his attached state habeas petition. The state petition asserts that, "the creation of the Superior Court Criminal Rule 61 which itself due (sic) to the extremely technicle (sic) aspects deny an individual an adequate, substantive right to a review." The state petition later states, "[t]here can be no adequate vehicle for review where the Rule is itself beyond the understanding of those who must utilize it...." A lack of knowledge or an unawareness of procedural rules, however, is not an "external factor" which would have excused Coverdale's failure to comply with the state procedural requirements.[FN9] *See Klein v. Neal,* 45 F.3d 1395, 1398 (10th Cir.1995) (commenting that habeas petitioner's assertion that he was unaware of statute of limitations for state post-conviction relief was insufficient as a matter of law to constitute cause for procedural default); *see also Bailey v. Snyder,* Civ.A.No 96-85-SLR, 1996 WL 43492, at \*5 (D.Del. July 31, 1996) (finding that Rule 61 furthers a legitimate state purpose of limiting stale claims, is 'clear cut,' and has been applied consistently). Certainly, numerous other state habeas petitioners in a similar situation have been able to abide by Del.Supr. Ct.Crim. R. 61; Coverdale's procedural default is attributable solely to him.[FN10]

> FN9. Ineffective assistance of counsel can establish cause for failure to comply with state procedural rules. Nevertheless, a finding of ineffective assistance of counsel itself requires a showing of cause and prejudice. Since the court will consider Coverdale's ineffective assistance of counsel claim below, it would be redundant to do so

here in the context of procedural default. As discussed below, since Coverdale has not shown that he received ineffective assistance of counsel, it is axiomatic that such a claim cannot serve as the basis for his procedural default. *See infra.*

> FN10. Throughout his petition, Coverdale asserts what may be regarded as additional reasons for the cause of his procedural default. First, he alleges that the State and his attorney conspired to conceal their constitutional violations by preventing him from raising his claims for post-conviction relief. Second, he claims that Rule 61 "should be deemed non-existent" since it worked to conceal violations of his rights As mentioned above, however, the denial of post-conviction relief was based entirely on sound principles of law and well established state procedural rules. Further, countless courts have upheld Rule 61 and other rules like it; this court is unwilling to find that its neutral operation worked to deprive Coverdale of his rights. Finally, Coverdale offers nothing beyond conclusory allegations to support his statements.

Since Coverdale is unable to establish any external factor sufficient to overcome his procedural default, it is unnecessary for the court to consider whether he has suffered any prejudice. *See, e.g., Coleman,* 501 U.S. at 750-51; *Finch,* 2000 WL 52162, at \*6; *Laws,* 1996 WL 484835, at \*3. Nevertheless, the court notes that Coverdale has offered no evidence in support of his contention that the state procedural bar prejudiced his claim.[FN11] *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *Lawrie v. Snyder,* 9 F.Supp.2d 143, 151 (D.Del.1995).

> FN11. Coverdale plead guilty, did not file a direct appeal, and does not now suggest that his plea was constitutionally infirm. He cannot, therefore, demonstrate any 'actual prejudice' flowing from his guilty plea. *See Bousley v. United States,* 523 U.S. 614, 618 (1998).

Finally, Coverdale can overcome his procedural default if he can show that failing to hear his petition would constitute a "miscarriage of justice." *See Coleman,* 501 U.S. at 750; *Carrier,* 477 U.S. at 496. This exception is reserved for claims of actual innocence. *See, e.g., Schlup v. Daleo,* 513 U.S. 298,

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

327-28 (1995); _Sawyer v. Whitley,_ 505 U.S. 333, 339-40 (1992); _In re Minarik,_ 166 F.3d 591, 607 (3d Cir.1999). Coverdale plead guilty to violating his probation and has repeatedly asserted that he is not challenging the fact of his guilt. Furthermore, he does not specify how the court's failure to consider his claims would result in a miscarriage of justice. The exception, therefore, is inapposite in this case. _See Finch,_ 2000 WL 52162, at *6.

*5 Since the Delaware Supreme Court found that Coverdale's first, second, and fourth claims were procedurally barred under Del.Supr. Ct. Crim R. 61(i)(3), the court cannot consider them. Therefore, the court will dismiss the first, second, and fourth claims in Coverdale's petition.

### C. Ineffective Assistance of Counsel

Coverdale's third claim in his petition-ineffective assistance of counsel in connection with his January 23, 1998 violation of probation hearing-was properly before the Delaware Supreme Court.[FN12] _See_ Ans. at 2. Since the claim was exhausted and can serve as a basis for procedural default, the court must examine its merits.

> FN12. As the respondents correctly note, Coverdale's petition alleges his counsel was ineffective "during pretrial and trial stages and failed to file an appeal." Coverdale's petition only refers to the January 23, 1998 violation of probation hearing; it does not provide any record support for a broader ineffective assistance of counsel claim. Nevertheless, any ineffective assistance of counsel claim beyond the violation of probation hearing was not presented to the state court. Since such claims would be unexhausted and, therefore, procedurally defaulted, the court cannot consider them. _See_ 28 U.S.C. § 2254(b)(1)(A).

Claims in habeas petitions must be supported by the evidentiary record; mere allegations are not enough to warrant habeas relief. _See Mayberry v. Petsock,_ 821 F.2d 179, 185 (3d Cir.1987) (finding that habeas petitions require more than notice pleading); Rule 4 of the Rules Governing Habeas Corpus Cases (stating "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").

The record demonstrates that Coverdale was represented by court appointed counsel at the January 23, 1998 violation of probation hearing. In his petition, Coverdale merely asserts that "[c]ounsel worked as an agent provocateur for the State during pretrial, trial stages (sic) and failed to file an appeal." He does not provide any evidence for these sweeping claims, however. Although Coverdale's state habeas petition contains additional claims of his counsel's ineffective assistance, they are equally conclusory and not supported by any record evidence.[FN13] Although the court must construe Coverdale's petition liberally, Coverdale's unsupported assertions that his attorney was an "agent provocateur" do not provide sufficient grounds for the court to grant habeas relief.

> FN13. Coverdale also asserts that his counsel was ineffective since he was unhappy with his representation and attempted to remove him on numerous occasions. This argument misunderstands the criteria for establishing a claim of ineffective assistance of counsel. Counsel is not required to provide the best representation imaginable. Instead, Coverdale must show that (1) his attorney's representation fell below an objective standard of reasonableness and (2) his counsel's actions were prejudicial to his defense, creating a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different. _See, e.g., Zettlemoyer v. Fulcomer,_ 923 F.2d 284, 295 (3d Cir.1991) (citing _Strickland v. Washington,_ 466 U.S. 668, 687-88 (1984)). Thus, mere dissatisfaction with an attorney is enough. The court notes, however, that Coverdale was represented by an experienced attorney who has represented numerous individuals in Coverdale's position.

Aside from the lack of record evidence, Coverdale's ineffective assistance of counsel claim fails as a matter of law. Since state revocation of probation hearings are not a 'critical stage' of a criminal prosecution, there is no federal constitutional right to counsel. _See Gagnon v. Scarpelli,_ 411 U.S. 756, 787 (1973); _see also United States v. Barnhart,_ 980 F.2d 219, 222 (3d. Cir1992) (finding that revocation of probation 'does not result in a loss of liberty' since defendant has been adjudged guilty and is already

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 6

under supervision). Therefore, violation of probation hearings are subject to the minimum requirements of due process. *See Black v. Romano,* 471 U.S. 606, 612 (1985) (holding that basic requirements include a hearing, a neutral hearing body, written notice of claimed violations, disclosure of evidence, an opportunity to testify, an opportunity to confront witnesses and, in some cases, the assistance of counsel).

After requesting counsel, alleged probation violators only have a right to an attorney when they have a timely and colorable claim that (1) they have not committed the alleged violation of the conditions of probation, or (2) that even if the violation is uncontested, there are substantial justifiable or mitigating reasons that make revocation inappropriate and the reasons are complex or otherwise difficult to develop or present. *See Gagnon,* 411 U.S. at 790.

*6 Although Coverdale presumably timely requested representation for the January 23, 1998 revocation hearing, he has not satisfied the aforementioned test for when counsel is constitutionally required in probation revocation hearings. First, Coverdale plead guilty to violating his probation and does not now contest his guilt. Thus, he has not-and cannot-raise a colorable claim of innocence. Second, reading the petition liberally, it appears that Coverdale argues that counsel was necessary for plea negotiations and to appeal his case. Deciding whether to plea or appeal are relatively straightforward decisions and do not otherwise mitigate the conviction.[FN14] Since Coverdale did not have a constitutional right to an attorney at his probation revocation hearing, his claims of ineffective assistance of counsel do not present a basis upon which the court can grant habeas relief. *See Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989) (finding that claim of ineffective assistance of counsel in state post-conviction hearing does not arise under the federal constitution); *see also* 28 U.S.C. § 2254(a) (stating that district court can only entertain a petition for writ of habeas corpus if petitioner is in custody pursuant to state court judgment in violation of federal constitution or laws or treaties of the United States). Therefore, the court will dismiss Coverdale's third claim in his petition for a writ of habeas corpus.[FN15]

FN14. This fact is self evident since only defendants can decide whether to accept a plea or appeal their case. Although defendants often seek the advice of counsel, many defendants make these decisions

without the assistance of an attorney.

FN15. Obviously, since Coverdale did not have a right to counsel at the revocation hearing it is unnecessary for the court to engage in the cause and prejudice analysis necessary for a finding of ineffective assistance of counsel.

C. Certificate of Appealability

Upon consideration of Coverdale's petition and his objection to the respondents' answer, the court finds that Coverdale has not made a substantial showing of a denial of a constitutional right. Further, the court finds that the constitutional issues raised in the petition are not debatable among jurists of reason, adequate to receive encouragement to proceed further, or capable of being resolved in a different manner. *See, e.g., Morris v. Horn,* 187 F .3d 333, 339 (3d Cir.1999) (citing 28 U.S.C. § 2253(c)(1)(A)).

V. CONCLUSION

For the reasons set forth above, the court finds that Coverdale's claims for habeas corpus relief under 28 U.S.C. § 2254 are either procedurally barred or otherwise fail on the merits. Therefore, the court will dismiss Coverdale's petition for habeas corpus relief with prejudice and deny the writ. Additionally, the court finds no basis upon which to issue a certificate of appealability. The court will issue an order in conjunction with this opinion.

D.Del.,2000.
Coverdale v. Snyder
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 237869 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Alphonso NICKERSON, Petitioner,
v.
Robert SNYDER, Warden, and M. Jane Brady,
Attorney General of the State of Delaware,
Respondents.
**No. CIV.A.00-571-SLR.**

Feb. 1, 2002.

MEMORANDUM ORDER

ROBINSON, District J.

I. INTRODUCTION

*1 Petitioner Alphonso Nickerson is an inmate at Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254. (D.I.2) Because petitioner's application contains exhausted and unexhausted claims, the court shall dismiss the petition without prejudice to renew upon exhaustion or voluntary dismissal of petitioner's ineffective assistance claim.

II. BACKGROUND

On October 2, 1997, petitioner was found guilty by a Delaware Superior Court jury of aggravated menacing, possession of a deadly weapon during the commission of a felony, assault in the third degree and criminal trespass in the first degree. (D.I.8) The Superior Court sentenced petitioner to 27 years imprisonment. (*Id.*) On direct appeal, petitioner argued that because he was not convicted of the predicate felony, his conviction on the possession charge should be reversed. The Delaware Supreme Court rejected petitioner's claim and affirmed the judgment of the Superior Court. *See Nickerson v. State,* 734 A.2d 159 (Del. Mar. 11, 1999). On December 29, 1999, petitioner filed a petition for a writ of habeas corpus in Superior Court, alleging, *inter alia,* that: (1) the grand jury's reindictment of petitioner constituted double jeopardy; (2) petitioner's trial counsel was ineffective for failing to object to the reindictment; (3) the trial court abused its

discretion by not allowing plaintiff to dismiss his court-appointed counsel; and (4) the prosecutor committed misconduct by reindicting petitioner. Because the commitment was regular on its face, the Superior Court summarily dismissed the petition. (D.I.8) The Supreme Court affirmed the lower court's decision, and noted that petitioner's claims were not properly before the court because "[i]n Delaware, the writ of habeas corpus provides relief on a very limited basis." *Nickerson v. State,* 750 A.2d 530 (Del. Mar. 27, 2000). The Supreme Court also stated, however, that if it were able to address petitioner's "double jeopardy" claim, it would be dismissed for lack of merit. *See id.*

In his application for federal habeas relief dated May 25, 2000, petitioner raises four grounds for relief: (1) the grand jury's reindictment of petitioner in July 1997 constituted double jeopardy because the original indictment had not yet been dismissed; (2) petitioner's trial counsel was ineffective in not objecting to the reindictment; (3) the trial court abused its discretion by failing to grant petitioner's motion to dismiss his court-appointed counsel for failing to object to the reindictment; and (4) the prosecutor committed misconduct by reindicting petitioner. (D.I.2)

III. DISCUSSION

A prisoner must fully exhaust all remedies in state court before a district court may entertain his claims in a federal habeas corpus appeal. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509, 515-20 (1982). To exhaust state remedies, a petitioner must have raised the factual and legal premises behind his claims for relief to each level of the state courts before proceeding to federal court. *See Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). A federal habeas claim must have been "fairly presented" to the state courts, that is, it must be the substantial equivalent of that presented to the state courts and the state court must have available to it the same method of legal analysis as that to be employed in federal court. *See Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). If a petitioner has the right under state law to raise, by any available procedure, the claim presented, then he will not be deemed to have exhausted his available state court remedies. *See* 28 U.S.C. § 2254(c). This exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state court

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 237869 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

convictions and preserves the role of state courts in protecting federal rights. *See Caswell v. Ryan,* 953 F.2d 853, 857 (3d Cir.1992).

**\*2** In the case at bar, the court finds that petitioner has failed to exhaust his claim of ineffective assistance of trial counsel. Although petitioner presented this claim to the state courts, the courts declined to address the merits of the claim because it was improperly raised in a petition for a writ of habeas corpus. *See* 10 Del. C. § 6902; *Parker v. State,* 755 A.2d 390 (Del.2000); *Hall v. Carr,* 692 A.2d 888, 891 (1997). A petitioner does not exhaust state remedies by presenting a claim to state courts in an improper procedural fashion. *See Castille v. Peoples,* 489 U.S. 346, 351 (1989). Because petitioner may properly present his ineffective assistance claim to the state courts in a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61(i)(1) [FN1], the court shall deny petitioner's application for federal habeas relief without prejudice to renew upon exhaustion or voluntary dismissal of his ineffective assistance claim. *See Rose,* 455 U.S. at 510 (holding that federal courts may not consider habeas petitions containing both exhausted and unexhausted claims).

> FN1. Rule 61(i)(1) allows a petitioner to file a motion for state post-conviction relief within three years after the judgment of conviction is final. Because petitioner's conviction became final on March 29, 1999 (the date on which the Delaware Supreme Court issued the mandate affirming his conviction), petitioner has until March 29, 2002 to file a motion for state post-conviction relief.

### IV. CONCLUSION

Therefore, at Wilmington this 1st day of February, 2002;

IT IS ORDERED that petitioner's application for federal habeas relief filed pursuant to 28 U.S.C. § 2254 (D.I.2) is dismissed without prejudice to renew upon exhaustion or voluntary dismissal of petitioner's ineffective assistance claim, provided that petitioner complies with the applicable statutes of limitations.

D.Del.,2002.
Nickerson v. Snyder
Not Reported in F.Supp.2d, 2002 WL 237869 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00571 (Docket) (Jun. 14, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 1
Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Curtis ELLIOTT, Petitioner,
v.
Rick KEARNEY, Warden, Respondent.
**No. Civ.A. 02-205-KAJ.**

March 31, 2004.

Curtis Elliott, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

### MEMORANDUM OPINION

JORDAN, J.

### I. INTRODUCTION

**\*1** Petitioner Curtis Elliott is presently incarcerated at
the Delaware Correctional Facility ("D.C.C.") in
Smyrna, Delaware. On March 18, 2002, Elliott filed
an application for a writ of habeas corpus pursuant to
28 U.S.C. § 2254, acting *pro se.* (D.I.1.) He has also
filed a letter motion for the appointment of counsel
and DNA testing, a motion for summary judgment,
and a motion for issuance of the writ pursuant to 28
U.S.C. § 2243. (D.I. 37; D.I. 47; D.I. 55.) For the
reasons set forth below, the Court will deny Elliott's
petition. (D.I.1.) The Court will also deny his
motions as moot. (D.I. 37; D.I. 47; D.I. 55.)

### II. PROCEDURAL AND FACTUAL BACKGROUND

On April 13, 2000, Elliott attacked Desiderio S. Perez
with a knife. Consequently, Elliott was charged by
information in the Delaware Superior Court with four
offenses: possession of a deadly weapon during the
commission of a felony, second degree assault,
possession of a deadly weapon by a person
prohibited, and misdemeanor theft. On October 26,
2000, Elliott, represented by counsel, pled guilty to
second degree assault. In return, the State entered a
*nolle prosequi* as to the remaining three charges.

On December 8, 2000, the Delaware Superior Court
sentenced Elliott to eight years incarceration,

suspended after four years for decreasing levels of
probation. Elliott did not file a direct appeal. *See
Elliott v. State,* No. 270, 2001, Order at ¶ 3 (Del.
Aug. 23, 2001).

On April 17, 2001, Elliott filed his first motion for
state post-conviction relief pursuant to Superior
Court Criminal Rule 61, alleging ineffective
assistance of counsel. (D.I. 13, Ex. G to State's
Motion to Affirm in No. 270, 2001.) The Superior
Court denied the motion on April 27, 2002. Elliott
never appealed. (D.I. 13, Ex. H to State's Motion to
Affirm in No. 270, 2001.)

In May 2001, Elliott filed a second Rule 61 motion.
(D.I. 13, Exs. I and J to State's Motion to Affirm in
No. 270,2001.) The Superior Court denied the
motion, and the Delaware Supreme Court affirmed
this decision on appeal. *See Elliott v. State,* No.
270,2001 (Del. Aug. 23, 2001); (D.I. 13, Ex. A to
State's Motion to Affirm in No. 270,2001.)

The Delaware Superior Court denied Elliott's third
Rule 61 motion. This decision was affirmed on
appeal. *Elliott v. State,* No. 554, 2001 (Del. Feb. 4,
2002).

Currently before the Court is Elliott's petition for the
federal writ of habeas corpus.

### III. LEGAL PRINCIPLES GOVERNING EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas
petition filed by a state prisoner only "on the ground
that he is in custody in violation of the Constitution
or laws or treaties of the United States." 28 U.S.C. §
2254(a). When seeking habeas relief from a federal
court, a state petitioner must first exhaust remedies
available in the state courts. According to the
Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"):
An application for a writ of habeas corpus on behalf
of a person in custody pursuant to the judgment of a
State court shall not be granted unless it appears that

**\*2** (A) the applicant has exhausted the remedies
available in the courts of the State; or
(B) (i) there is an absence of available State
corrective process; or
(ii) circumstances exist that render such process

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir.2000). However, a state can expressly waive the exhaustion requirement. See 28 U.S.C. § 2254(b)(3).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); Coverdale v. Snyder, 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1996); Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. Lines, 208 F.3d at 160; Wenger v. Frank, 266 F.3d 218, 223 (3d Cir.2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. Lines, 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. Harris v. Reed, 489 U.S. 255 263 (1989); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir.2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir.1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1999); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir.2002).

## IV. DISCUSSION

Elliott filed his habeas petition and supporting memorandum on March 18, 2002. [FN1] (D.I. 1; D.I.2.) He contends that his defense attorney provided ineffective assistance of counsel by failing to conduct DNA testing on the "alleged deadly weapon." (D.I. 1 at 5.) The State properly acknowledges that Elliott exhausted state remedies by presenting this argument to the Delaware Supreme Court in his second and third post-conviction appeals. See Op. Br. In No. 270, 2002 at 10; Smith v. Digmon, 434 U.S. 332, 333 (1978); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir.1984).

> FN1. Since then, Elliott has filed numerous documents in support of his petition, either titled as traverses, memoranda in support, or even an amended petition. (D.I.29; D.I. 35; D.I. 38; D.I. 39; D.I. 41; D.I. 44). To the extent these documents merely support and expand the original ineffective assistance of counsel claim, the Court will consider them in its review.

A finding of exhaustion does not end the Court's inquiry, however, because a federal habeas court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." Bond v. Fulcomer, 864

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

F.2d 306, 310 (3d Cir.1989). Here, the State asks the Court to dismiss Elliott's petition as procedurally barred by the independent and adequate state law ground of Delaware Superior Court Criminal Rule 61(i)(2). (D.I. 10 at 2-4.)

The procedural default issue arises because Elliott did not raise his current ineffective assistance/DNA argument [FN2] in his first post-conviction motion. Instead, Elliott's first post-conviction motion alleged that his defense counsel provided ineffective assistance of counsel by not raising the issue of a conflict of interest between Elliott and the judge. (D.I. 13, Ex. G & Ex. H to the State's Motion to Affirm in No. 270,2001.) On April 27, 2001, the Superior Court denied this claim on the merits. (D.I. 13, Ex. H to the State's Motion to Affirm in No. 270,2001.)

> FN2. For ease of discussion, the Court will refer to Elliott's present ineffective assistance claim in this manner.

When Elliott did raise his ineffective assistance/DNA argument in his second post-conviction motion, the Superior Court denied the claim as procedurally barred under Rule 61(i)(2). Specifically, Elliott's failure to raise the issue in the first post-conviction motion barred him from raising it in his second post-conviction motion.[FN3] (D.I.13, Ex. A.) On appeal, the Delaware Supreme Court affirmed this decision, stating that "[t]o the extent Elliott's motion included claims that were not made in his previous postconviction motion, the motion was procedurally barred as repetitive [under Super. Ct.Crim. R. 61(i)(2) ]." Elliott v. State, No.270, 2001, Order at ¶ 4 & n. 5 (Del. Aug. 23, 2001).

> FN3. The Superior Court also concluded that Elliott's claim did not satisfy the "interest of justice" exception to procedural default. (D.I. 13, Ex. A to State's Motion to Affirm in No. 270,2001.)

*4 By applying the procedural bar of Rule 61, the Delaware Supreme Court articulated a "plain statement," under Harris v. Reed, 489 U.S. 255, 263-64 (1989), that its decision rested on state law grounds. See Ylst v. Nunnemaker, 501 U.S. 797 (1991). This Court has repeatedly held that Rule 61(i)(2) constitutes an independent and adequate state procedural rule precluding federal habeas review. Kirk v. Carroll, 243 F.Supp.2d 125, 145

(D.Del.2003); Maxion v. Snyder, 2001 WL 848601, at *12 (D.Del. July 27, 2001); Carter v. Neal, 910 F.Supp. 143, 149-50 (D.Del.1995). As such, federal habeas review of this claim is precluded unless Elliott establishes cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court refuses to hear this claim. See 28 U.S.C. § 2254(a); Coleman v. Thompson, 501 U.S. 722, 750 (1991); Caswell v. Ryan, 953 F.2d 853, 860-61 (3d Cir.1992).

Elliott alleges that, during the plea colloquy, the Delaware Superior Court and his attorney told him he could not appeal his guilty plea. He contends that this information prevented him from including the ineffective assistance/DNA argument in his first post-conviction motion.[FN4] (D.I.29.) In effect, Elliott is asserting that his counsel's statement and the Superior Court's statement regarding his right to appeal were an external factor constituting cause for his procedural default. However, Elliott has failed to demonstrate how this statement regarding an appeal prevented him from raising the ineffective assistance/DNA argument in his first post-conviction motion.

> FN4. To the extent Elliott argues that these statements constitute cause for his failure to raise this claim on appeal, the argument fails. In Delaware, ineffective assistance of counsel claims should not first be brought on direct appeal, but rather, in a Rule 61 motion for post-conviction relief. Williams v. State, 682 A.2d 627, at * *3 (Del.1996) (collecting cases). Any information regarding his right to appeal had no effect on his ability to bring a Rule 61 motion.

His contention is even more puzzling because the statement regarding his right to appeal obviously did not prevent him from filing the post-conviction motion in the first place. Moreover, despite his repetitive assertions that he is not a lawyer and does not understand the law, a lack of legal knowledge does not constitute cause for procedural default.[FN5] See Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir.2002) ("cause cannot be based on the mere inadvertence of the petitioner ... to take an appeal"); Desmond v. Snyder, 1999 WL 33220036, at *19 (D.Del. Nov. 16, 1999).

> FN5. To the extent Elliott is alleging his counsel's ineffective assistance as cause for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

his failure to raise the issue in his first post-conviction motion, this contention fails. Ineffective assistance of counsel can only constitute cause for a procedural default if it rises to the level of a Sixth Amendment violation. *See Murray v. Carrier,* 477 U.S. at 488. Elliott had no right to representation during his post-conviction proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). His counsel's alleged failure to inform him of his right to raise issues in a Rule 61 motion therefore cannot establish cause for his procedural default. *Coleman,* 501 U.S. at 152; *Cristin,* 281 F.3d at 420.

Further, Elliott has not demonstrated actual prejudice resulting from his attorney's failure to provide DNA testing.[FN6] He argues that prejudice is shown by the fact that he would not have pled guilty if his attorney had done the DNA testing because such testing would have established his innocence. *See generally Hill v. Lockhart,* 474 U.S. 52, 60 (1985) (in a guilty plea context, petitioner must demonstrate how the errors of counsel undermined his decision to plead guilty). However, this conclusory statement does not demonstrate actual prejudice. "Mere allegations by a defendant that he would have ple[d] differently and insisted on going to trial are insufficient to establish prejudice." *Werts v. Vaughn,* 228 F.3d at 193; *Thomas v. Snyder,* 2001 WL 1297812, at *4 (D.Del. Oct. 3, 2001).

> FN6. Upon finding that Elliott has not established cause for his procedural default, the Court need not reach the question of whether he has shown any actual prejudice. *See Coleman,* 501 U.S. at 752, 757; *Smith v. Murray,* 477 U.S. 527, 533 (1986). However, because Elliott has submitted numerous documents addressing the procedural default issue, the Court will address the prejudice issue.

*5 Moreover, the fact that Elliott derived substantial benefits from pleading guilty increases his burden in establishing prejudice. In exchange for his plea, the State dropped three charges: possession of a deadly weapon during the commission of a felony, possession of a deadly weapon by a person prohibited, and misdemeanor theft. If a jury convicted Elliott of these charges, he would have faced a jail term significantly greater than his eight year sentence.

Finally, to the extent Elliott argues that his attorney's failure to provide DNA testing prejudiced him because he entered his plea involuntarily, this argument fails. Elliott himself acknowledges that he knew prior to accepting the plea that his counsel had not conducted DNA testing on the weapon. However, he still decided to plead guilty. The Superior Court engaged in a thorough plea colloquy, affording Elliott numerous occasions to reject the plea agreement. If, as Elliott now claims, he was dissatisfied with his attorney's failure to provide DNA testing, he could have mentioned this fact at the plea colloquy. Yet, Elliott told the Superior Court that he was satisfied with his legal representation. (D.I. 13, Ex. F at 6 to State's Motion to Affirm in No. 270,2001.) Elliott is bound by these statements made under oath in open court. *See Blackledge v. Allison,* 431 U.S. 63, 73-4 (1997); *Lesko v. Lehman,* 925 F.2d 1527, 1537 (3d Cir.1991).

The only other way for the Court to excuse Elliott's procedural default is under the "miscarriage of justice exception." Pursuant to this exception, a court may excuse a procedural default if the petitioner demonstrates actual innocence. *See Murray,* 477 U.S. at 496. However, the "miscarriage of justice" exception applies only in "extraordinary cases." *See Coleman,* 501 U.S. at 749.

As explained above, the record demonstrates that Elliott knowingly and voluntarily entered his guilty plea. Indeed, Elliott specifically stated that he did, in fact, assault the victim with a knife. (D.I. 13, Ex. F at 5 to State's Motion to Affirm in No. 270,2001.) This "[s]olemn declaration in open court carr[ies] a strong presumption of verity" which is not overcome by Elliott's unsubstantiated claims of actual innocence. *Blackledge,* 431 U.S. at 73-74. As such, his assertions fail to demonstrate that the Court's refusal to review this claim will result in a fundamental miscarriage of justice.

In short, the Court concludes that Elliott has failed to provide a reason excusing his procedural default. Accordingly, his federal habeas petition will be dismissed as procedurally barred.

## V. MOTIONS

In addition to his habeas petition, Elliott has filed three motions: a letter motion for the appointment of counsel and DNA testing, a motion for summary judgment, and a motion for issuance of the writ pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

55.)

It is well settled that a petitioner does not have a Sixth Amendment right to counsel in a habeas proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). However, a district court may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c), 28 U.S.C. *foll.* § 2254. As explained above, the Court is dismissing Petitioner's § 2254 petition. In these circumstances, the "interests of justice" do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Thus, the Court will deny this motion, and his concurrent request for DNA testing, as moot.

*6 Similarly, because the Court has reviewed Elliott's habeas petition and has concluded that federal habeas review is procedurally barred, the Court will deny Elliott's motions for summary judgment and for issuance of the writ under 28 U.S.C. § 2243 as moot.

## VI. CERTIFICATE OF APPEALABILITY

Finally, this Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Elliott's claims are procedurally barred. Reasonable jurists would not find this conclusion unreasonable. Consequently, Elliott has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

## VII. CONCLUSION

For the foregoing reasons, the Court will deny Elliott's § 2254 petition, and finds no basis for the issuance of a certificate of appealabilty. An appropriate order will follow.

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:
1. Curtis Elliot's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.1.) is DENIED.
2. Curtis Elliott's motion for the appointment of counsel and DNA testing is DENIED as moot. (D.I.37.)
3. Curtis Elliott's motion for summary judgment is DENIED as moot. (D.I.47.)
4. Curtis Elliott's motion for issuance of the writ under 28 U.S .C. § 2243 is DENIED as moot. (D.I.55.)
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2004.
Elliott v. Kearney
Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2006, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on

September 5, 2006, I have mailed by United States Postal Service, the same documents to

the following non-registered participant:

Arson I. Gibbs, Sr.
SBI No. 066982
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
james.wakley@state.de.us

Date:  September 5, 2006