In The United States District Court
For The District of Delaware

Anson L. Gibbs, Sr.,

    Petitioner,

V.

Thomas Carroll, Warden,
Delaware Correctional Center
And Carl C. Danberg,
Attorney General of The
State of Delaware,

    Respondents.

Civil Action No. 06-296-SLR

FILED
SEP 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned- BO  9/18/06

## Response

This is petitioner's response to respondents answer, and Motion For Extension of Time To File Certified State Court Records, recie'd by petitioner on September 8, 2006.

1). The respondents have stated on pages 1 thru 3 of their answering brief that the Writ of Habeas Corpus was not available to the petitioner because the petitioner is committed or detained on a felony charge,

the species whereof is plainly set forth in the commitment, citing 10 Del. C. Subsec. 6902(1). However, the United States Constitution provides that: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless in cases of rebellion or invasion, the public safety may require it." U.S. Const. Art. 1, Subsec. 9 Clause 2.

When viewing 10 Del. C. Subsec. 6902(1), in light of U.S. Const. Art. 1, Subsec. 9 Clause 2. The Court will see similarity of what was known as the ("Black Code") enacted during the time of abolishment of Slavery by several States, which were intended to limit the Civil Rights of the newly freed Slaves". 10 Del. C. Subsec. 6902(1), if applied to the petitioner's case, will undoubtedly, limit the rights of the petitioner. Therefore, as the Fourteenth Amendment was passed in 1868 to protect the rights of the newly freed Slaves, so must the Fourteenth Amendment be applied to protect the rights of the petitioner against the unconstitutionality of 10 Del. C. Subsec. 6902(1).

2). In response to pages 4 thru 8 of respondents answer. That petitioner's exhaustion requirements has been met, because the petitioner presented his grounds for relief with specificity to the State Courts in his State Habeas petition and memorandum brief to the Highest State Court. The record will reflect that the respondents failed to respond to the averments presented at the State Court level. See Shute v. Tex., 117 F.3d 233, 237 (5th Cir. 1997)

"exhaustion requirement was satisfied because petitioner did not raise "double jeopardy" claim on direct appeal, but raised claim in pretrial State habeas Writ, and claim also reviewed by State Court of appeals"). Therefore, any unexhausted claims must be viewed in light of Lambert v. Blackwell, 134 F.3d 506, 513 (3rd Cir. 1997) ("the exhaustion requirement is excused where no available State Corrective process exsists or the particular circumstances of the case render the State process ineffective to protect the petitioner's rights"); Lambert at 513. (28 U.S.C. Subsec. 2254 (b)(1)(B)(i) and (ii). That the petitioner is contesting the legality of his confinement, not guilt or innocence, as set forth in the matter of, Covendale, Nickerson and Elliott. The petitioner is illegally confined under color of false pretense: Fair presentation to State Courts have been met.

  3). Furthermore; the petitioner did not authorize or give authority or official power to any one to file a direct appeal on his behalf from his conviction in the Superior Court, Kent County. That the petitioner declined to file a direct appeal, to pensue his Writ of Habeas Corpus through the Courts. (Please see attached letter sent, Court appointed Counsel, Sandra Dean of the Public Defenders Office exhibit-A). See also Lawyers Rules of Professional Conduct of Delaware. Client-Lawyer Relationship, Rule 1.2. Scope of Representation:

(a) "A lawyer shall abide by a Client's decisions concerning the objectives of representation..."

Therefore, no direct appeal should have issued on behalf of the petitioner, in the State Courts. Petitioner's claims are not procedurally barred.

4.) That the petitioner filed a letter Motion of Prohibition with the Clerk of the Supreme Court of Delaware to stay the State Court proceedings until petitioner's Habeas petition was resolved. (See attached exhibits H and I of Federal Habeas petition).

In Concluding, the petitioner pray that the Court will eliminate the dilatory scheme of the respondents and grant the petitioner the relief requested in his Habeas petition.

Dated: 9-14-06

Petitioner,
Anson I. Gibbs, Jr., SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977.

(4)

## Certificate of Service

This is to Certify that I, Anson I. Gibbs, Sr., did cause to be served a true and correct copy of the attached Response to Respondents Answer to Petitioner's Habeas Petition on the the following named person(s) on this 14 day of September 2006.

To: James A. Walkey, Esq.         & Elizabeth R. McFarlin
Department of Justice              Department of Justice
820 N. French Street               820 N. French Street
Wilmington, Delaware 19801         Wilmington, Delaware 19801

Dated: 9-14-06

Petitioner,
Anson I. Gibbs, Sr.
Anson I. Gibbs, Sr., SBI# 066982
1181 Paddock Road
Smyrna, Delaware 19977.

FM: Aaron I. Gibbs, Sr.
SBI# 066982  UNIT W-Bldg. C-14
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

To: Clerk of the Court
U.S. District Court of Delaware
844 N. King Street
Wilmington, Delaware
19801.

To: Sandra Dean, Esq.

From: Anson I. Gibbs, Sr., SBI# 068982

Dated: October 12, 2005

Re: ID# 0404008981, 0404017228 - (Sentenced on 10-11-05)

Dear Ms. Dean:

    I am expediting this letter to your office to inform you not to file a "Notice of Appeal" in this case.

    The fallout of your fallacious representation in my case has come to an end.

Copy Sent to:
Attorney General Office
102 W. Water Street
Dover, Delaware 19904.

Very Truly Yours,
Anson I. Gibbs, Sr.
Anson I. Gibbs, Sr.
1181 Paddock Road
Smyrna, Delaware 19977.

(Exhibit-A)

(6)

# REQUEST FOR LEGAL PHOTOCOPIES

**ATTENTION:** There is a 24 Hour waiting period from the date of this request.

To expedite your request, please fill out this form completely. A Pay-To must be submitted with all request for copies of legal documents. The Delaware correctional center Law Library charges $.25 per page for legal photo-copies. No inmate will be denied copies of legal documents based on a negative balance in his/her inmate account. If you have a pending court date and need emergency service, please attach a copy of the Court Order to verify this request.

NAME: Preston I. Gibbs, Sr.

SBI #: 066982   Building: W   Date: 9-10-06

Type of Document(s): Answering Brief U.S. District Court

Number of copies: 4   Envelopes: _____   (6-pages)

Do you want your work STAPLED? Yes (✓) No ( )

Is your document DOUBLE SIDED? Yes ( ) No (✓)

Authorized by: _____   Date Rec'd 9/11/06   Order NO: _____

Date copied: 9/13/06   No. of pages: 24   Mailed ✱   Picked up ____

RECEIVED SEP 11 2006 DCC Law Library

FORMLL 1206/92                                                FORM #: 751