IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARSON I. GIBBS, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 06-296-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, and JOSEPH R. | ) |
| BIDEN, III, Attorney General | ) |
| of the State of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

Arson I. Gibbs, Sr. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: June 14, 2007
Wilmington, Delaware

---

[1] Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

ROBINSON, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Arson I. Gibbs, Sr.'s ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is incarcerated at the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2004, petitioner was charged in two separate bills of indictment with multiple counts of forgery and theft. (D.I. 22, Del. Super. Ct. Crim. Dkt. No. 0404009981). Prosecutors obtained a superseding indictment in March 2005, which combined the charges from the two earlier indictments. See (D.I. 22, Gibbs v. State, C.A. No. 05M-06-017, Letter Order (Del. Super. Ct. June 30, 2005)). In June 2005, petitioner filed a petition for a writ of state habeas corpus with the Delaware Superior Court. The Superior Court denied the petition after determining that petitioner was being lawfully held at Level V in default of bond while awaiting his appearance in the Superior Court. Id. The Delaware Supreme Court affirmed that decision pursuant to Del. Code Ann. tit. 10, § 6902(2). Gibbs v. State, 886 A.2d 1277 (Table), 2005 WL 2896980 (Del. Nov. 1, 2005).

In July 2005, while his petition for a writ of state habeas corpus was still pending, a Delaware Superior Court judge held a bench trial and convicted petitioner of five counts of second degree forgery and five counts of theft by false pretense. (D.I. 16); See Gibbs v. State, 2006 WL 1911327 (Del. July 6, 2006). The Superior Court

1

sentenced petitioner as an habitual offender to a total of ten years of incarceration at Level V, to be followed by a term of probation. Id. Petitioner filed a direct appeal, and the Delaware Supreme Court affirmed his conviction and sentence. Id. at *3.

### III. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); Coverdale v. Snyder, 2000 WL 1897290, at *2 (D. Del. Dec.

22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004)(citing McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)). Fair presentation also requires the petitioner to present the claim to the state's highest court in a manner which permits the court to consider the merits of the case. See Castille v. Peoples, 489 U.S. 346, 350 (1989); Brown v. Allen, 344 U.S. 443, 448-49 n.3 (1953).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. Lines, 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial

3

disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, Bousley v. United States, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV. DISCUSSION

Petitioner asserts four grounds for relief in his habeas application: (1) the superseding indictment obtained against him in March 2005 violated the Double Jeopardy Clause of the Fifth Amendment; (2) the Superior Court violated the Equal Protection, Due Process, and Double Jeopardy Clauses of the United States Constitution because it lacked jurisdiction to try petitioner while his state habeas corpus appeal was pending in the Delaware Supreme Court; (3) the Superior Court violated the Equal Protection, Due Process, and Double Jeopardy Clauses of the United States Constitution because it lacked jurisdiction to rule on petitioner's state habeas corpus appeal after the Delaware Supreme Court had accepted jurisdiction; and (4) the Delaware Supreme Court violated the Equal Protection, Due Process, and Double Jeopardy Clauses of the United States Constitution by not stopping petitioner's Superior Court trial while his state habeas corpus appeal was pending, by allowing the State

4

additional time to file the answering brief, and by changing the venue from Kent County to New Castle County.

### A. Claim One: Double Jeopardy

In claim one, petitioner contends that the State violated his rights under the Double Jeopardy Clause by obtaining a superseding indictment while the first indictments were still pending. The record reveals that petitioner did not exhaust state remedies for this claim because he did not present the issue to the Delaware Supreme Court in his direct appeal.[2] At this juncture, the claim is procedurally defaulted because Delaware Superior Court Rule 61(i)(3) would bar petitioner from obtaining further state court review of the claim. See Kendall v. Atty. Gen. of Delaware, 2002 WL 531221, at *4 (D. Del. Mar. 26, 2002). Therefore, the court cannot review the merits of claim one absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner does not allege any cause for his failure to present his double jeopardy claim to the Delaware Supreme Court in his direct appeal. In the absence of cause, the

---

[2]Petitioner presented the double jeopardy claim to the Superior Court in his petition for a writ of habeas corpus, and a liberal reading of his habeas appellate brief suggests that he raised the claim to the Delaware Supreme Court in his state habeas appeal. However, that submission did not constitute fair presentation to satisfy the exhaustion requirement because the issue was not presented in a manner permitting the Delaware Supreme Court to consider its merits. Under Delaware law, the remedy of habeas corpus lies only to determine the jurisdiction and the lawful power of the custodian to hold an individual in custody, Curran v. Wooley, 104 A.2d 771 (Del. 1954). Claims properly asserted in a petition for a state writ of habeas corpus challenge the jurisdiction of the court ordering the commitment or contend that there is an irregularity on the face of the petitioner's commitment. See Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).

5

court does not need to address the issue of prejudice.³ Additionally, given petitioner's failure to provide the court with new reliable evidence of his actual innocence, petitioner cannot demonstrate a miscarriage of justice sufficient to excuse his default. Accordingly, the court will deny claim one.

### B. Claims Two, Three, and Four: State Law Issues

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984) ; Riley v. Taylor, 277 F.3d 261, 310 n.8 (3d Cir. 2001).

In claim two, petitioner contends that the Superior Court erred by not failing to

---

³Nevertheless, petitioner cannot demonstrate prejudice because the double jeopardy clause was not implicated in his case for two reasons. First, when, as here, there is a nonjury trial, jeopardy does not attach until the court begins to hear evidence. Serfass v. United States, 420 U.S. 377, 388 (1975). Petitioner filed his petition for a writ of habeas corpus on June 29, 2005, and the Superior Court denied the petition on June 30, 2005 after determining that petitioner was being lawfully held at Level V in default of bond while awaiting his bench trial scheduled for July 19, 2005. Petitioner then filed an appeal of the Superior Court's judgment on July 2, 2005, approximately 17 days prior to his bench trial. In short, the double jeopardy claim was pre-mature, and the only issue properly before the Delaware Supreme Court on appeal was the circumstances of petitioner's detention in June 2002.

Additionally, petitioner was re-indicted in March 2005 to consolidate both sets of charges originally set forth in two separate bills of indictment in July 2004. In December 2005, the State filed a nolle prosequi as to the two separate bills of indictment. See generally (D.I. 22) Therefore, petitioner was never prosecuted on the 2004 indictments, and by filing the nolle prosequi, the State clearly demonstrated its intent to proceed on only the re-indictment issued in March 2005.

halt his trial while his state habeas action was pending. In claim three, petitioner contends that the Superior Court exceeded its jurisdiction by ruling on his habeas petition while his appeal was pending. In claim four, petitioner contends that the Delaware Supreme Court erred by not stopping his Superior Court trial while his habeas appeal was pending, by allowing the State additional time to file its answering brief, and by changing the venue from Kent County to New Castle County. All of these state court procedural and jurisdictional issues are matters of state law and, therefore, fail to assert proper grounds for federal habeas review.[4] See Jones v. Carroll, 388 F. Supp. 2d 413, 420-21 (D. Del. 2005)(collecting cases). Accordingly, the court will deny claims two, three, and four.

### C. Pending Motions

During the pendency of this proceeding, petitioner filed a motion to compel, asking the court to order the Delaware Department of Correction to return legal papers related to the instant proceeding. (D.I. 25) Petitioner also filed a motion for an expedited hearing on his habeas application and on his motion to compel. (D.I. 26) Having determined that petitioner's habeas application does not warrant relief, the court will deny these two motions as moot.

### V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local

---

[4] Additionally, petitioner's claim that the Delaware Supreme Court erred by granting the State additional time to file a brief is meritless; the State never requested additional time.

Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court concludes that petitioner's habeas application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.