In The United States District Court
For The District of Delaware

Arson I. Gibbs, Sr.,
                    Petitioner,

Civ. Act. No. 06-296-SLR

v

Thomas Carroll, Warden,
And Joseph R. Biden, III,
Attorney General of The
State of Delaware,
                    Respondents.

FILED

JUN 26 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Petition For Rehearing En Banc To Vacate
And Set Aside The Court's Memorandum
Opinion And Order Dismissing Petitioner's
Writ of Habeas Corpus And Denying The
Petitioner A Certificate of Appealability

Petitioner, Arson I. Gibbs, Sr., presents this petition For Rehearing En Banc in light of the following reasons.

1) The Memorandum Opinion of the Court is remote, prejudicial and intentionally strays from the Constitutional Claims presented by the petitioner in his Habeas petition, Memorandum brief, as well as petitioner's answer to respondents only response to the claims of the petitioner. The Court dismissed petitioner's Habeas petition under Rule 4 governing section 2254; "that the petitioner has failed to exhaust State remedies."

2) The exhaustion requirements set forth in the Court's Memorandum Opinion and the respondents answer to petitioner's claims would fail even if the conviction and appeal were legal. The petitioner would have been banned from relitigating his claims under the doctrine of "Collateral Estoppel," because the claims had already been previously determined by the Delaware Supreme Court on appeal to that Court. Castille V. Peoples, 498. U.S. 346, 350 (1989); Sandgathe V. Maass, 314 F.3d 371, 377-78 (9th Cir. 2002); Fortini V. Murphy, 257 F.3d 39, 45 (1st Cir. 2001); Davis V. Strack, 270 F.3d 111, 123 (2d Cir. 2001); Jackson V. Edwards, 404 F.3d 612, 618-20 (2d Cir. 2005). (DI-2 exhibits-B and J).

3) The Superior Court was "divested of jurisdiction to go forward with trial, because petitioner filed timely notice of appeal, prior to the start of proceedings..." See U.S. V. Brooks, 145 F.3d 446, 454 (1st Cir. 1998). (DI-20 attached exhibit).

4) Moreover: The Court intentionally avoided making a determination on the initial Constitutional Claims, which further prejudice the petitioner and denies the petitioner due process as guaranteed by the Constitution of the United States. (U.S.C.A. Const. Amend 14).

    A. Whether the petitioner had a right to utilize the appellate process prior to trial in State Court, after the Courts denied habeas petition and appeal on claims of double jeopardy and subject matter jurisdiction? Cohen V. Beneficial Ind. loan Corp., 337

U.S. 541 (1949). (DI-2 exhibits- B, H and N). (Memorandum brief filed with habeas petition to this Court, pages- 3, 4 and 5).

B. Whether the claim asserted by respondents in their answer to petition's claims that the petitioner, under state law, is not privileged or entitled to the Writ of Habeas Corpus, because the petitioner was detained on Felony charges pursuant to 10 Del. C. Sec. 6902(1), is unconstitutional. (DI-16 and 20). (U.S.C.A. Const. Art. 1, sec 9, Cl.2 and Amend. 14).

5). Furthermore, "Double jeopardy protection applies to every indictment or information charging party with crime or misdemeanor." Ex parte Lange 18 U.S. (18 Wall) 163, 168-69 (1873). The Superior Court Docket Sheet reflect reindictment on 3-7-05. (DI-29). It also reflect that Nolle prosequi of initial or original indictments was not filed until 12-15-05 (DI-56). Therefore, jeopardy attached at time of superseding indictment. See U.S V. Blain, 214 F.3d 690, 701 (6th Cir. 2000); U.S. V. Sparks, 87 F.3d 276, 279 (9th Cir. 1996); U.S. V. Jordan, 316 F.3d 1215, 1248 (11th Cir. 2003); U.S. V. Friedman, 649 F.2d 199, 202-03 (3d Cir. 1981); U.S. V. Phelps, 168 F.3d 1048, 1054 (8th Cir. 1999). The petitioner has made a substantial showing of denial of his Constitutional rights. (U.S.C.A. Const. Amend I and XIV).

(3)

6) The Court also abused its discretion and violated Due process, as well as prejudice the petitioner, when the Court refused to grant petitioner's "Motion For An Expedited Order To Compel," the Department of Corrections and its employees to return to the petitioner confiscated legal papers relating to Civ. Act. No. 06-296-SLR, so the petitioner could file a supplemental brief as provided for under 28 U.S.C.A. subsec. 2242, filed with the Court on February 2, 2007, ruled upon as moot June 14, 2007. If the petitioner would have had the opportunity to file his supplemental brief the possibility exist that the outcome may have been different. Therefore, the petitioner reiterate "Motion To Compel" for purposes of future litigation. (Attached exhibit-A, U.S. C.A. Const. Amend. 14).

7) The petitioner request that the "Memorandum Opinion and Order" issued by the Court on 6-14-07, be vacated and set aside, and that a rehearing En Banc be had on all Constitutal Claims, as presented by the petitioner.

Wherefore: petitioner pray that the Court will grant a rehearing En Banc. In the alternate comply with 28 U.S.C.A. subsec. 2253 (c)(1) (A) (2).

Dated: 6-21-07

Petitioner,

Anson I. Gibbs, Sr.
Anson I. Gibbs, Sr., SBI# 066982
1181 Paddock Road
SHU-Bldg# 19- DL-11
Smyrna, Delaware 19977.

(4)

In The United States District Court For The District of Delaware

Anson I. Gibbs, Sr.,

      Petitioner,

     V.

Thomas Carroll, Warden
And Carl C. Danberg,
Attorney General of The
State of Delaware,

     Respondents.

Civil Action No. 06-296-SLR

## Motion To Compel

    Petitioner, Anson I. Gibbs, Sr., Pro Se, moves this Honorable Court to issue an expedited "Order" compelling the Department of Corrections and its employees to immediately return to the petitioner confiscated legal papers relating to the above Civil Action Number. In support of this Motion petitioner aver the following.

    1). On January 19, 2007, a random shakedown of petitioner's cell was conducted by C/o T. G. Stanley, who seized petitioner's box of legal papers.

(Exhibit-A)

2). Petitioner asked C/O Stanley and his Supervisor Lt. B. Burman could he have his legal papers back, because the petitioner was preparing a supplemental brief to his case now pending before the District Court.

3). C/O Stanley stated, "no; you won't be writing anything anytime soon", and ordered Lt. Burman to lock petitioner's legal papers up until the next day.

4). On January 20, 2007, at approximately 5:30 P.M. on thereabout, C/O Stanley was observed reading and censoring petitioner's legal papers and confiscated numerous legal envelopes as listed on the "Inmate Acquired on Confiscated Property Sheet. (Attached as exhibit-A)

5). The petitioner filed a grievance pertaining to the confiscating of his legal papers on January 19, 2007, but there is no emergency grievance procedure to act within a reasonable time frame to restore and protect petitioner's First Amendment Right of Access To The Courts As Guaranteed By The Constitution of The United States (U.S.C.A. Const. Amends. 1 and 14). (Please see attached exhibit-B~~C~~)

6). Therefore: The petitioner invokes the jurisdiction of this Court in light of Civil Action Number 06-296-SLR, to immediately issue an Order Compelling the Department of Corrections and its employees to return to the petitioner his legal papers without further delay.

(2)

7). That if any of the Legal papers relating to C.A. No. 06-296-SLR are lost, or miss placed, the cost for Photo-copying same be incurred to %o T. G. Stanley. and Lt. Benny Burman. Any other relief that the Court May deem appropriate.

Dated: 1-24-06
Filed with the Court
2-1-07

Petitioner, pro Se,
Arson I. Gibbs Sr.
Arson I. Gibbs, Sr., SBI# 066982
1181 Paddock Road
W-Bldg. C-14
Smyrna, Delaware 19977.

(3)

Certificate of Service

This is to Certify that I, Anson I. Gibbs, Sr., did Cause to be Served a true and Correct Copy of the attached "Motion To Compel" on the following named person(s) or agency on this 24th day of January 2007.

To: James A. Wakley, Esq.
Department of Justice
820 N. French Street
Dover, Delaware 19801

Dated: 1-24-07
Filed with the Court
2-1-07

Petitioner, Pro Se,

Anson I. Gibbs Sr.
Anson I. Gibbs, Sr. SBI # 668982
1181 Paddock Road
W-Bldg. C-14
Smyrna, Delaware 19977.

(4)

IR# 1039032
DR# 1029977

## INMATE ACQUIRED OR CONFISCATED PROPERTY

INMATE NAME: GIBBS, ARSON                     SBI# 066982
HOUSING UNIT: W BLDG       DATE 1-20-07       TIME: 1530

| ITEM | DESCRIPTION/BRAND NAME | S/P** | QUANTITY | CONDITION (Poor/Fair/Good) |
|---|---|---|---|---|
| BOOK | GEORGETOWN LAW JOURNAL | P | 1 | POOR  VOL# 63 |
| BOOK | GEORGETOWN LAW JOURNAL | P | 1 | POOR  VOL# 84 |
| ENVELOPE | LEGAL FILES I/m# 51778 | P | 1 | POOR |
| ENVELOPE | LEGAL FILES I/m# 066982 | P | 1 | POOR |
| EUVELOPE | LEGAL FILES I/m# 132328 | P | 1 | POOR |
| ENVELOPE | LEGAL FILES ROBERT SANDERS | P | 2 | POOR |
| LETTER | MS. WEATHERSPON | P | 1 | POOR |
| LETTER | MS. SHUTTER | P | 1 | POOR |
| ENVELOPE | I/m JAMES CLARK | P | 2 | POOR |
| ENVELOPE | I/m TYRONE PRINGLE | P | 1 | POOR |
| ENVELOPE | LEGAL FILES #531772 | P | 1 | POOR |
| ENVELOPE | LEGAL FILES # 298348 | P | 1 | POOR |
| ENVELOPE | DOZENS OF SBI# | P | 1 | POOR |
| ENVELOPE | FROM, LETTERS TO PAY | P | 1 | POOR |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

T. STANLEY C/O                4x12         [signature]
**Officer's Name (Print Clearly)**    **Shift**    **Officer's Signature Who Inventoried Property**

Barry Row LT                  6x12         [signature]
**Supervisor's Name (Print Clearly)**   **Shift**    **Supervisor's Signature Reviewing Inventory**

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)    (Date)    (Time)    (Person Receiving Property)    Unit

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)    (Date)    (Time)    (Person Receiving Property)    Unit

### Record of Transfer of Property

The acquired/confiscated property, with exceptions noted, as listed above was received from:

_____, on ___/___/___, at _____, by _____, within _____
(Person Transferring Property)    (Date)    (Time)    (Person Receiving Property)    Unit

(Exhibit-A)

Revised: 4/01/03    ** S- State Property    P- Personal Property    FORM# 537-A

# GRIEVANCES



When filling out your grievance, make sure to print all information clearly (full name, A.K.A., SBI #, building, tier and cell location). However, do not check off the "Informal Resolution" area.

Grievance forms are located in the Inmate Forms Box next to the memo board in W-1 Lobby.

Grievances are handled by Corporal Merson who is the Acting Grievance Chairperson. All completed grievance forms are to be placed in the Grievance Box next to the W-1 Lobby Ice Machines. **Only Corporal Merson has a key to this box.** She will collect grievances every Friday at 7:00 am. **DO NOT PUT YOUR GRIEVANCES IN THE MAIL!**

Most often, issues can be resolved without grievances. The following is a list of where you can address specific concerns for resolution:

When addressing issues to any staff member, you are expected to be mature, respectful and in control of your actions. Any language deemed threatening or demeaning could result in the rejection of your request and concerns.

All inmates, regardless of physical condition/security status/administrative status, shall be entitled to use the Inmate Grievance Procedure (IGP). Your complaints regarding policies and conditions must be within DOC jurisdiction. This includes actions by employees, inmates, and incidents occurring within the institution that affect you personally.

Policies that have their own formal appeal mechanisms are not grievable through the IGP. Specifically excluded from the IGP are issues concerning Disciplinary, Classification, and Parole Board decisions.

All medical grievances are referred directly to the contract medical care provider and monitored by the Bureau of Prisons on Medical Grievance Forms.

If more than one inmate files a grievance on the same incident, Corporal Merson will consolidate the staff investigations and hearings into a single "group grievance." All individuals involved will be notified by Corporal Merson.

If you have any questions concerning the procedure, what is grievable or what action request is within your power or if you need help, seek out your Building Representatives, or look at the "4.4" located at the Sergeant's desk and in the Law Library.

If your grievance is rejected, read the rejection form carefully, it will usually explain how to refile a proper grievance.

Remember, you have within seven (7) working days to file your grievance from the time of the incident

(Exhibit-B)

STATE OF DELAWARE          )
                           ) SS
COUNTY OF _New Castle_)

AFFIDAVIT OF: _____
DATED: _January 25 2007_

## AFFIDAVIT

I, _Chadwick Davis_, being first duly sworn deposes and says that the foregoing statement is a true and correct observation of what occurred on the above date herein at/in _W Bld - C tier_ located in the Delaware Correctional Center, Smyrna, Delaware, in that I was a part of or witnessed the incident described herein. I would clearly state under penalty of perjury of the laws of the State of Delaware.

That on January 19, 2007 I was on my way to the Ice cooler to put Ice in my cup when another Inmate asked me what was for Breakfast and I stoped and told him. At that time I heard the tier door crack and I walked into the bathroom to fill my cup with water at that time C/o Stanley Asked me to step off the tier with Another Inmate mr. Gibbs. When we steped off the tier a C/o Stanley had another C/o strip search us. While we were striped searched C/o Stanley went back on the tier and shook down our rooms. When I asked why he striped Searched me I recieved no answer and After it was All over I didn't even recieve a write up just a torn up Bunk and box. At no time did I see mr Gibbs in another inmates door or doing anything out of the ordinary. I dont beldeve he had A reason for strip searching us or reading and going thoush our legal and personal mail.

Affiant: _____
            Signature

_Chadwick A Davis_
Print Name
Delaware Correctional Center
Smyrna, DE. 19977

SWORN TO AND SUBSCRIBED before me this _25_ day of _January_, 2007.

My Commission Expires: _June 14, 2008_

_____
(Notary Public)

STATE OF DELAWARE )
) SS
COUNTY OF New Castle )

AFFIDAVIT OF: _____
DATED: _1-30-07_____

### AFFIDAVIT

I, Morris J. Osborn, being first duly sworn deposes and says that the foregoing statement is a true and correct observation of what occurred on the above date herein at/in _W-1 C-tier_ located in the Delaware Correctional Center, Smyrna, Delaware, in that I was a part of or witnessed the incident described herein. I would clearly state under penalty of perjury of the laws of the State of Delaware.

During a shake-down of Rm #14-C tier I saw CO standly, & CO Kushman going thru inmate, Arson Gibbs boxes & his mail. CO Kushman was reading word, for word. Mostly all of Gibbs personal & legal mail. This all happen while Gibbs was out of his Room. This occured on 1-19-07 P.M.

Affiant: _Morris J. Osborn_
Signature

Morris J. Osborn
Print Name
Delaware Correctional Center
Smyrna, DE. 19977

SWORN TO AND SUBSCRIBED before me this 30 day of January, 2007.

My Commission Expires: June 14, 2008

_Timothy J. Mac_
Notary Public

I/M: *Anson I. Gibbs, Sr.*

SBI#: *066982*     UNIT *SHU-Bldg #19-DL-11*

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004608975    JUN 25 2007
$ 01.31
MAILED FROM ZIP CODE 19977

*Legal Mail*

To: Clerk of The Court
U.S. District Court of Delaware
844 N. King Street, lock Box 18
Wilmington, Delaware
19801.